Zimmerman, J.
The present cause comes before this court on an appeal as of right from a judgment of the Court of Appeals for Hamilton County dismissing appellant Lockhart’s petition in habeas corpus and denying him release from imprisonment in the Cincinnati Workhouse.
It appears from the bill of exceptions that on October 12, 1951, Ralph Davis, a deputy sheriff of Pike *193 county, Ohio, filed a sworn complaint in the office of H. F. Junk, a justice of the peace in Pike County, which alleged “that on or about the 21st day of September, 1951, at the * * * county aforesaid one William Lockhart, not then and there being the holder of a class A permit, issued by the Department of Liquor Control of the state of Ohio, did then and there in the county of Pike, manufacture intoxicating liquor for sale. Contrary to and in violation of Section 6064-54 of the General Code of Ohio.”
Upon being brought before the justice of the peace, Lockhart entered a plea of “guilty.”
The docket of the justice of the peace shows the following :
“His plea of guilty was refused and a not guilty plea was entered, after hearing the evidence he was found guilty and fined $500 and 6 months in Cincinnati Workhouse. He was committed to jail until transported to workhouse.
C i # # if*
“Taken to Cincinnati 10-13-51.”
At the hearing before the Court of Appeals, Lock-hart testified, and such testimony was uncontradicted, that he pleaded guilty before the justice of the peace and did nothing more other than to ask for mercy. No evidence was introduced and no testimony taken. Section 13433-9, General Code, reads:
“When a person charged with a misdemeanor is brought before a magistrate on complaint of the party injured, and pleads guilty thereto, such magistrate shall sentence, him to such punishment as he may deem proper according to law, and order the payment of costs. If the complaint is not made by the party injured and the accused pleads guilty, the magistrate shall require the accused to enter into a recognizance to appear before the proper court as provided when there is no plea of guilty.”
*194 Section 13433-10, General Code, provides:
“When the accused is brought before the magistrate and there is no plea of guilty, he shall inquire into the complaint in the presence of such accused. If it appear that an offense has been committed, and there is probable cause to believe the accused guilty, he shall order him to enter into a recognizance with good and sufficient surety, in such amount as he deems reasonable, for his appearance at a proper time and before the proper court, otherwise, he shall discharge him from custody. If the offense charged is a misdemeanor, and the accused in a writing subscribed by him and filed before or during the examination, waive a jury and submit to be tried by the magistrate, he may render final judgment.”
It would seem clear from a recitation of the facts that the complaint against Lockhart was not filed “by the party injured.” See Hanaghan v. State, 51 Ohio St., 24, 36 N. E., 1072.
Habeas corpus, now embodied in the statutory law of Ohio, is a high prerogative remedy of ancient origin, one purpose of which is to secure immediate relief from illegal confinement. The remedy is designed to effect speedy release of one who has been unlawfully incarcerated. The office of the remedy is not to determine whether a person is guilty of an offense charged against him but only to ascertain whether he has been imprisoned by due process of law. In short, the object of habeas corpus is to determine the legality of the restraint under which a person is held. 25 American Jurisprudence, 143, Section 2; Section 12161 et seq., General Code.
When Lockhart was brought before the justice of the peace and pleaded guilty and did nothing more, the only jurisdiction’that court had was to “require the accused to enter into a recognizance to appear be *195 fore the proper court.” Any jurisdiction or authority on the part of the justice of the peace arbitrarily to enter a plea of not guilty, to find Lockhart guilty and to impose sentence by way of a fine and imprisonment was totally lacking, and what was done in those respects was a nullity.
Of course it is well settled that the collateral and extraordinary remedy of habeas corpus can not be substituted for appeal, where appeal is a proper and available remedy, but habeas corpus is a recognized and approved remedy in a situation like the present one, where the judgment or order under which an accused is sentenced and imprisoned is void because the court imposing the penalty was wholly without jurisdiction or power to proceed in that manner. A real and clear cut distinction exists between a void judgment and one which is merely irregular or erroneous. Ex parte Shaw, 7 Ohio St., 81, 70 Am. Dec., 55. Compare Stahl v. Currey, 135 Ohio St., 253, 20 N. E. (2d), 529.
It is the opinion of this court on the particular facts of this case that Lockhart was entitled to succeed in his habeas corpus proceeding before the Court of Appeals and that such court should have ordered his release upon his petition therefor.
The judgment of the Court of Appeals is reversed and the cause is remanded to that court with instructions to order the release of the petitioner from the Cincinnati Workhouse.

Judgment reversed.

Stewart, Middleton, Taet, Matthias and Hart, JJ., concur.