Weygandt, C. J.
 

 The first question to be considered relates to the requirements of the following two statutes:
 

 Section 13433-9, General Code. “When a person charged (with a misdemeanor is brought before a magistrate on complaint of the party injured, and pleads guilty thereto, such magistrate shall sentence him to such punishment as he may deem proper according to law, and order the payment of costs. If the complaint is not made by the party injured and the accused pleads guilty, the magistrate shall require the
 
 *256
 
 accused to enter into a recognizance to appear before the proper court as provided when there is no plea of guilty. ’ ’
 

 Section 13433-10, General Code. “When the accused is brought before the magistrate and there is no plea of guilty, he shall inquire into the complaint in the presence of such accused. If it appear that an offense has been committed, and there is probable cause to believe the accused guilty, he shall order him to enter into a recognizance with good and sufficient surety, in such amount as he deems reasonable, for his appearance at a proper time and before the proper court, otherwise, he shall discharge him from custody. If the offense charged is a misdemeanor, and the accused in a writing subscribed by him and filed before or during the examination, waive a jury and submit to be tried by the magistrate, he may render final judgment.”
 

 Was the defendant Currey, as a justice of the peace, thus empowered by these statutes to render final judgment and commit Stahl to jail? Or, to restate the question, was the statutory authority of the justice of the peace Currey limited under these circumstances to requiring Stahl to enter into a recognizance to appear before the proper court?
 

 Of course the office of justice of the peace is a creature of statute, and so are the powers thereof. Counsel are therefore correct in assuming that whatever powers were possessed by Currey must be found in the statutes. The plaintiff relies upon that part of Section 13433-9, General Code, which provides that “if the complaint is not made by the party injured and the accused pleads guilty, the magistrate shall require the accused to enter into a recognizance to appear before the proper court as provided when there is no plea of guilty.” The defendants concede the force of this language but insist that it is modified by the last sentence in Section 13433-10, General Code,
 
 *257
 
 to the effect that “If the offense charged is a misdemeanor, and the accused in a writing subscribed by him and filed before or during the examination, waive a jury and submit to be tried by the magistrate, he may render final judgment.” One difficulty with this contention of the defendants is that this language itself is to the contrary. By its terms Section 13433-9 applies when the accused ‘/pleads guilty,” while Section 13433-10 controls when “there is no plea of guilty.” Furthermore, this was pointed out in the opinion in the case of
 
 Hanaghan
 
 v.
 
 State,
 
 51 Ohio St., 24, 36 N. E., 1072, cited and relied upon by both the plaintiff and the defendants. On page 27 Judge Williams observes that “-Sections 7146 [now Section 13433-9, General Code] and 7147 [now Section 13433-10, General Code] are consistent with each other. The former prescribes, specifically, the proceedings of the magistrate upon a plea of guilty, and the latter those where there is not such a plea.” Then too, a plea of guilty obviates both an examination and a trial in that court, thereby rendering a jury or a waiver thereof wholly useless. Section 13433-10, General Code, provides for such a waiver “before or during the examination.” In the instant ease there was of course no examination or trial, inasmuch as Stahl had pleaded guilty. Nor is there any evidence or contention that the complaint was made by the party injured.
 

 The three paragraphs of the syllabus in the
 
 Hanaghan case, supra,
 
 are pertinent, and read as follows:
 

 “1. An examining magistrate is not authorized to pass sentence upon the accused on his plea of guilty of a misdemeanor, except when the complaint is made by the party injured.
 

 “2. By ‘the party injured,’ as that phrase is used in Section 7146, of the Revised Statutes, is meant the person who suffers some particular injury from the commission of the misdemeanor, as distinguished from
 
 *258
 
 that which results to the public, or local community where it was committed.
 

 “3. A
 
 plea of guilty of such offense, though filed in writing with the magistrate, is not a waiver by the accused of his right to a trial by jury, and submission to be tried by the magistrate, within the purview of Section 7147, of the Revised Statutes; and in such case, unless the complaint was filed by the party injured, it is the duty of the magistrate to recognize the accused to the proper court.”
 

 The defendants contend that impliedly this court would have considered the justice of the peace in the
 
 Hanaghan case, supra,
 
 as having final jurisdiction, had there been a written waiver of a jury trial, as in the instant case. However, a study of the opinion in that case discloses no basis for this conjecture.
 

 This court is of the view that under the circumstances the statutory authority of Currey was limited to requiring Stahl to enter into a recognizance to appear before the proper court.
 

 The next question relates to the nature of Currey Js action in rendering final judgment and committing Stahl to jail. Was it void, or was it merely erroneous and voidable?
 

 In discussing this problem it is necessary to keep in mind the fundamental distinctions generally recognized by the law. The action of a judicial officer may be (1) within his jurisdiction, (2) wholly without his jurisdiction, or (3) in excess of his jurisdiction. It is unformly held that if a judicial officer has jurisdiction of the person and of the subject-matter, he is exempt from civil liability for false imprisonment so long as he acts within his jurisdiction andina judicial capacity. 18 Ohio Jurisprudence, 1015, Section 31. It is equally well settled that a judicial officer may be held liable for false imprisonment when he acts wholly without jurisdiction. 18 Ohio Jurisprudence, 1016, Section 33. But, as is well stated in 24 Ohio Jurisprudence on page
 
 *259
 
 317, Section 78, “an apparent conflict arises with regard to the liability of a judicial officer for acts in ‘excess’ of jurisdiction, due largely to the difficulty of distinguishing between acts which exceed, the officer’s jurisdiction, and those performed by him entirely without jurisdiction. It may be stated as a general rule, however, that where a judge or other officer acting in a judicial capacity, having jurisdiction of the person and the subject-matter, goes beyond or exceeds his authority, he is not liable, his act in such a case being only reversible error.” The distinction between absence and excess of jurisdiction is clearly stated as follows in Clerk & Lindsell on Torts (9 Ed.) at page 700:
 

 “If on the facts before him a judge has no competence to deal with the matter at all and nevertheless does so, he acts without jurisdiction; if, having authority to deal with it on one footing he deals with it on another, he acts in excess of jurisdiction. An excess of jurisdiction is simply an absence of jurisdiction as to part of the proceedings.”
 

 ' “Then, too,” as is observed in 18 Ohio Jurisprudence on page 1018, “in situations where judicial officers are exceeding their jurisdiction a distinction has been drawn between the liability of judges of courts of general jurisdiction and those of courts of limited or special jurisdiction. The superior courts have always been held immune from liability for false imprisonment in such cases, but this protection formerly was not extended to inferior courts. The trend of judicial sentiment, however, is to abolish such discrimination between judges of different rank, and to extend to lesser judicial officers immunity from personal responsibility for the correctness of their decisions and acts to the same extent that it is granted to judges of the superior courts.” The following pertinent comment appears in 11 Ruling Case Law on page 814, Section 27:
 

 
 *260
 
 “The strict application to these inferior judges of the rule that everyone is bound to know the law, and the immunity afforded to the judges of the higher courts, gave much foundation for the satirical remark that all persons are presumed to know the law except judges of the courts of superior jurisdiction. And the unjust discrimination has been made still more unjust by the fact that in many of the cases the term ‘jurisdiction’ has been used as if it involved and required entire regularity of procedure; so that by reason of errors in the papers, or other mere irregularities, the court has been held to have been without jurisdiction, and the judge personally liable. Indeed, much of the confusion in which the entire topic of judicial immunity is involved is due to a loose use of the term ‘jurisdiction.’ In this connection it should be used only in the sense of jurisdiction over the subject-matter, over the kind of process in question, which of course implies the exercise of judicial reasoning to determine whether in the case at bar the procedure is regular, the facts sufficiently established, and the la*w as claimed. But an error in deciding these questions does not constitute a lack of jurisdiction.”
 

 Then in 25 Corpus Juris on page 522, Section 103, appears the following statement:
 

 “Where jurisdiction has been secured, the magistrate is not ordinarily liable, if in view of the situation he decides that he possesses greater power than he actually possesses. For instance, the magistrate has been exonerated where, although he only had authority to conduct preliminary proceedings prior to trial, he erroneously decided that he had jurisdiction to try and convict; * *
 

 And finally, in 1 Bailey on Jurisdiction, 483, Section 330, the following rule is stated:
 

 “With respect to erroneous sentences, we find the same rule applied to those rendered, by inferior courts as is applied to those given by superior courts, to wit:
 
 *261
 
 That in general, they are not void, bnt merely voidable. * * * The Massachusetts court
 
 [Sennott’s Case,
 
 146Mass.,489],conceding that there has been diversity of opinion among different courts as to sentences which are not authorized by law, states: ‘ The better rule seems to be that when a court has jurisdiction of the person and of the offense, the imposition by mistake of a sentence in excess of what the law permits is within the jurisdiction, and does not render the sentence void, but only voidable, by proceedings upon a writ of error.’ ”
 

 Additional authorities of similar import appear in 13 A. L. R, 1355.
 

 In the instant case it is undisputed that the affidavits charged offenses, that the affidavits were duly filed with the defendant justice of the peace Currey, that the plaintiff Stahl was lawfully arrested, that Stahl was properly arraigned before Currey, and that under the circumstances Currey had full power and authority to render final judgment by sentencing Stahl if the complaint had been filed by the injured party, or if Stahl had pleaded not guilty. Patently this is not a case in which the magistrate acted wholly without jurisdiction. On the contrary, original jurisdiction existed as to both person and subject-matter. As a judicial officer the defendant Currey was confronted with the question of law as to whether, under the particular circumstances, her jurisdiction continued and included the rendition of final judgment. Her determination was in the affirmative, and in this she was in error. She did not
 
 lack
 
 jurisdiction over either person or subject-matter; she
 
 exceeded
 
 if. She had authority to deal with the matter on one footing, but dealt with it on another. Hence the final judgment she entered was simply voidable rather than void, and by the great weight of authority she is not required to respond in damages for her error.
 

 The plaintiff Stahl relies upon the decision of this
 
 *262
 
 court in the case of
 
 Truesdell
 
 v.
 
 Combs,
 
 33 Ohio St., 186. However, that pronouncement is of no assistance in the present controversy. In that case the magistrate was held liable for the reason that there was a complete lack of jurisdiction, inasmuch as no offense was charged in the affidavit.
 

 The judgment of the Court of Appeals must be reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Day, Zimmerman, Williams and Matthias, JJ., concur.
 

 Hart, J., not participating.