Hart, J.
 

 -This is an action for damages for the alleged false arrest of the plaintiff. The defendants claim that the judgment against them resulted from certain errors which occurred during the trial of the case, some of which excited passion and prejudice upon the part of the jury. Among the errors complained of are: The examination of witnesses on subject matter which was not germane to the issues in the case, especially as to the amount of revenue which the village of Northfield received from fines in traffic cases during the preceding year; the improper and prejudicial cross-examination of the defendants’ witnesses by the trial judge; the allowance of excessive damages, showing passion and prejudice upon the part of the jury; errors in the court’s charge to the jury; and refusal of the court to apply the doctrine of the case of
 
 Stahl
 
 v.
 
 Currey,
 
 135 Ohio St., 253, 20 N. E. (2d), 529.
 

 The fact that passion and prejudice influenced the jury in this case may be inferred from the size of the verdict which was many times the amount of the actual compensatory damages shown by the evidence. This verdict was sustained by the Common Pleas Court and the Court of Appeals, one judge dissenting, on the theory that the plaintiff may recover not only compensatory damages but punitive damages. However, an inspection of the record discloses that the verdict in this case may be accounted for by some of the errors complained of which would in the opinion of all the members of this court, require a reversal of the judgment.
 

 But, the court is of opinion that its judgment must be predicated upon a more fundamental basis.
 

 
 *298
 
 It is not contended that the defendant Steele, as mayor of the village of Northfield, did not have jurisdiction over the plaintiff, Voll, in his arrest for the-violation of the speed ordinance of the village. There is no complaint as to the regularity of the affidavit and the charge made against Voll as a defendant in that action. The mayor claims and the record shows that Voll entered a plea of guilty to the charge. Voll. claims that there was no plea of guilty, but he did not demand a trial and he paid his fine and costs by paying in cash $1.10 in addition to the deposit check of $10 which Voll admits was to be used in payment of the balance of the fine and costs. Notwithstanding he-made a demand for an itemized statement of the costs, he later paid his fine and costs, took a receipt therefor in full and secured his release on the theory that he had paid both fine and costs. There can be no question that in all these proceedings- the defendant Steele had. jurisdiction over Voll and was acting in a judicial, capacity.
 

 Later on, Voll conceived the idea that he would further contest the matter of costs pending his receipt-of an itemized statement of the same. It will be noted that this was possible Only because he had given his-check for $10 instead of $10 in cash as a part of the-payment of his fine and costs. Pursuant to his then attitude, he stopped payment on his $10 check and sent the defendant mayor another check for $3.90 which, with the $1.10 already paid, he attempted to pay his-fine but leave the cost's unpaid. He claims he was-justified in this procedure by reason of the provisions-of Section 3039, General Code, which are as follows:
 

 “In all cases when demanded by a person liable to-pay any fees or costs to an officer, such officer, without charge shall make, sign and deliver to such person, an itemized bill thereof. After such demand,
 
 no person■ shall be compelled
 
 to pay such fees or costs until an
 
 *299
 
 itemized bill is so made and delivered, with a receipt, for the
 
 fees
 
 and costs paid.” (Italics ours.)
 

 It is apparent from the statute, and this court holds,, that it grants the party against whom costs are awarded a right or privilege which may be waived. From the circumstances as shown by the record and as above-recited, Voll had waived his right under this statute,, had paid his fine and costs and had thereby secured his release from custody. It was too late to assert his right to demand an itemized statement of the costs and too late to repudiate their payment.
 

 In no event did he have any right to stop payment on the $10 check. If it had been surrendered in payment of his fine and costs as it was, "he could not reclaim it and even if it be claimed that it was not used as payment, then it was still his deposit to secure his appearance and custody in court until his case was disposed of.
 

 Voll, the plaintiff in this case, claims that the defendant mayor had no jurisdiction to charge him with and to rearrest him for contempt of court as the result of the stoppage of the payment of the check given in payment of fine and costs, and this is the gist of plaintiff’s claim in the present action.
 

 However, having repudiated the arrangement by which he was released from custody, the mayor, a defendant in this case, had jurisdiction, forthwith and without any further affidavit or other proceedings, to place Voll in custody until his fine and costs were paid. This is what the defendant mayor did, all of which was within his jurisdiction in the case involving the violation of a speed ordinance.
 

 The trial judge recognized this to be the law, when, in the course of his charge to the jury, he said:
 

 “I say to you as a matter of law that if upon the finding here, if there should be a finding by you, that there was no seasonable demand made for the itemized
 
 *300
 
 list of the costs, then the person of this plaintiff was subject to apprehension at any and all times, and at any place, insofar as this case is concerned while he was at liberty without those costs having been paid, or offered to be paid in a method satisfactory to the one to whom they were to be paid. * * * ”
 

 The trial judge, however, failed to charge, as he could and should have charged, that since the plaintiff Voll had waived the demand for a statement of costs by paying his fine and costs and thereby securing his discharge, he was still subject to arrest if he withdrew from the control of the court, without its consent, the check or money with which such fine and costas had been paid. One who has escaped from lawful custody may be rearrested without a second affidavit or warrant. And where a magistrate discovers that he had-been imposed upon in allowing insufficient bail, he may have the accused rearrested and hold him for sufficient security. 3 Ohio Jurisprudence, 133, Section 7.
 

 The mayor’s conception of the proper procedure under the circumstances was different. He issued another warrant for Voll’s arrest which resulted in the giving of another check by the latter for his appearance on the so-called contempt charge. When he again appeared before the mayor the matter was closed by Voll’s payment of the fine and costs in the identical amount as before, whereupon he was released and discharged.
 

 As this court views it, the mayor had jurisdiction under the original affidavit to do just what he did do in that case, and his so-called contempt warrant merely constituted an unnecessary procedure for the doing of what he had otherwise a perfect right to do by virtue of his judicial office.
 

 As to the liability of a judge or magistrate in a suit for damages, it is said in 23 Ohio Jurisprudence, 461, Section 110:
 

 
 *301
 
 ‘ ‘ The principle is well settled, both by authority and by reason, that no civil action can be maintained against a judicial officer for the recovery of damages by one claiming to have been injured by his judicial action within his jurisdiction. From the very nature of the case the officer is called upon, by law, to exercise his judgment in all matters before him, and the law holds his duty to the individual to have been performed when he has exercised it, however erroneous- or disastrous in its consequences it may appear to be,, either to the party or tq> others. Such protection is-essential to the honest and independent administration-of justice, and is based on sound public policy.” See, also,
 
 Truesdell
 
 v.
 
 Combs,
 
 33 Ohio St., 186;
 
 Brinkman
 
 v.
 
 Drolesbaugh,
 
 97 Ohio St., 171,
 
 119 N.
 
 E., 451, L. R. A. 1918F, 1132.
 

 Originally, magistrates or judges of lower grade were held to strict accountability for their judicial acts,but in later years this doctrine has been relaxed. 30’ American Jurisprudence, 757, Section 44.
 

 On this subject, 23 Ohio Jurisprudence, 465, Section 112, says:
 

 “Modern opinion * * * seems to be tending in favor of making no distinction between judges of superior and inferior courts as regards their- liability. Some courts and authorities have contended that the same immunity granted the courts of general jurisdiction for mistakes on passing on questions of their jurisdiction should be extended to magistrates and courts of - limited jurisdiction. Still further it has been suggested that as the latter class of officers possess less knowledge of the law, and for that reason are more liable to make mistakes than the judges who preside in courts of general jurisdiction, they should have a greater immunity, where they act in good faith and free from malice.” See
 
 Truman
 
 v.
 
 Walton,
 
 59 Ohio St., 517, 53 N. E., 57.
 

 
 *302
 
 Voll was required to do only what the law required him to do on his arrest under the original affidavit. Besides, the defendant in those proceedings suffered no damage. His additional inconvenience was the result of his own act.
 

 In many respects this case and the issues involved .are similar to the case of
 
 Stahl
 
 v.
 
 Currey,
 
 135 Ohio St., 253, 20 N. E. (2d), 529, wherein this court held that if a judicial officer has jurisdiction of the person and ■of the subject matter relating to a criminal offense, he is exempt from civil liability for false imprisonment so long as he acts within such jurisdiction and in a judicial capacity; and even where a judge or other officer acting in a judicial capacity, having jurisdiction of the person and the subject matter, goes beyond or exceeds his authority, he is not liable, his act in such a case being only reversible error.
 

 In the judgment of this court, the defendant Steele in all that he did was within the protection of his judicial position. The defendant Hotchkiss, acting in his official capacity and under the direction of the defendant mayor, had authority to take Yoll into custody independently of the so-called contempt warrant, and like the defendant mayor, is protected against the charge of false arrest.
 

 Under the circumstances the trial court should have sustained defendants’ motion for a directed verdict.
 

 The judgment of the Court of Appeals is reversed and final judgment is entered for the appellants.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Zimmerman, Bell, Williams and Turner, JJ., concur.