NEWDICK, APPELLANT, *v.* SHARP, APPELLEE.

(No. 328—Decided June 23, 1967.)

*Mr. David Clayman* and *Mr. Stewart Jaffy,* for appellant.

*Mr. Samuel B. Erskine* and *Mr. John Beckley,* for appellee.

GRAY, J. This matter is in this court on appeal on questions of law from the granting of a summary judgment in favor of defendant by the Common Pleas Court of Vinton County.

A motion to dismiss the appeal has been filed by appellee. Upon consideration thereof, it is the opinion of the

court that the motion is not well taken and it is, therefore, overruled.

The facts as revealed by the record are that plaintiff is a lawyer practicing in Vinton County and defendant is a layman having been elected to, and now serving in, the office of County Judge of Vinton County.

Suffice to say that an altercation arose between plaintiff and defendant, and, as a result, defendant had plaintiff committed to jail on the basis of a contempt of court charge.

He was released on a writ of habeas corpus by this court when it became apparent that defendant had based his jurisdiction under general contempt powers granted a court of general jurisdiction and not under Section 1907.-171 *et seq.*, Revised Code, which grants contempt powers to a court of limited jurisdiction.

Plaintiff thereupon brought this action for damages, with the above result.

Much has been written concerning the liability of judges in actions for damages. The last pronouncement, and from the highest authority, occurs in an opinion written by Mr. Chief Justice Warren in *Pierson* v. *Ray,* 386 U. S. 547, 18 L. Ed. 2d 288, 87 S. Ct. 1213, wherein it is stated:

"We find no difficulty in agreeing with the Court of Appeals that Judge Spencer is immune from liability for damages for his role in these convictions. The record is barren of any proof or specific allegation that Judge Spencer played any role in these arrests and convictions other than to adjudge petitioners guilty when their cases came before his court. Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in *Bradley* v. *Fisher,* 13 Wall. (80 U. S.) 335. This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence, and without fear of consequences,' (*Scott* v. *Stansfield,* L.

R. 3 Ex. 220, 223 (1868) ; quoted in *Bradley* v. *Fisher, supra,* at 349.) It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.''

See, also, *Stahl* v. *Currey,* 135 Ohio St. 253 ; 30A American Jurisprudence 44 *et seq.*, Judges, Sections 75, 76, 77, 78 and 80 ; 31 American Jurisprudence 230, Justices of the Peace, Sections 30 and 31 ; 13 A. L. R. 1355 ; and 173 A. L. R. 810.

Therefore, the judgment of the lower court granting a summary judgment is affirmed.

*Judgment affirmed.*

DUFFY, J., concurs
CARLISLE, P.J., dissents

DUFFY, J., of the Tenth Appellate District, sitting by designation in the Fourth Appellate District.