BORKOWSKI, APPELLEE, *v*. ABOOD, APPELLANT.

[Cite as *Borkowski v. Abood,* 117 Ohio St.3d 347, 2008-Ohio-857.]

(No. 2006–1913—Submitted October 9, 2007—Decided March 6, 2008.)

**Per Curiam.**

{¶ 1} In this discretionary appeal, we consider the scope of a trial judge's immunity from civil liability. For the reasons that follow, we hold that such immunity is not lost when a judge acts in excess of jurisdiction.

**I**

{¶ 2} This action began when appellee, A.J. Borkowski Jr., filed a complaint against appellant, Judge Charles D. Abood, alleging "negligence, acting in a clear absence of all jurisdiction and bad faith." Among other things, Borkowski requested $1,000,000 in damages. Borkowski's complaint arises from an underlying eviction proceeding in which Borkowski was a defendant and which was presided over by Judge Abood.

### A. The Underlying Eviction Proceedings

{¶ 3} In the eviction proceeding and just prior to an evidentiary hearing on May 13, 2004, Borkowski filed with the trial court his notice to remove the action to federal court. Judge Abood proceeded with the hearing despite Borkowski's assertion that the notice of removal divested the trial court of jurisdiction. Judge Abood determined that Borkowski could be evicted and entered judgment accordingly. Thereafter, the federal court remanded the matter to the trial court.

{¶ 4} Borkowski appealed his eviction. The appellate court found that the notice of removal divested the trial court of jurisdiction from the time the notice was filed with the trial court until the federal court subsequently remanded the action. As a result, the appellate court held that the trial court's judgment of eviction was void.

### B. The Present Matter

{¶ 5} Borkowski then filed his complaint against Judge Abood. Judge Abood responded to Borkowski's complaint with a motion to dismiss. In granting Judge Abood's motion, the trial court determined that although Judge Abood's decision to proceed with the eviction hearing was in error and was reversed on appeal, his actions were only "in excess of jurisdiction." Judge Abood was, therefore, entitled to judicial immunity. The appeals court reversed, concluding that once

Borkowski had filed his notice of removal, Judge Abood's continuation of the hearing was in "the clear absence of jurisdiction" and the judge was subject to civil liability. Judge Abood appealed the order, and we accepted jurisdiction. *Borkowski v. Abood*, 112 Ohio St.3d 1489, 2007–Ohio–724, 862 N.E.2d 116.

## II

{¶ 6} As a general matter, when a judge acts in an official judicial capacity and has personal and subject-matter jurisdiction over a controversy, the judge is exempt from civil liability even if the judge goes beyond, or exceeds, the judge's authority and acts in excess of jurisdiction. *Wilson v. Neu* (1984), 12 Ohio St.3d 102, 12 OBR 147, 465 N.E.2d 854, paragraph one of the syllabus; *Stahl v. Currey* (1939), 135 Ohio St. 253, 258–259, 14 O.O. 112, 20 N.E.2d 529. Examples of acts in excess of jurisdiction include a mayor's failure to order the collection of court costs in bond-forfeiture cases despite a statute making that duty mandatory, *State ex rel. Fisher v. Burkhardt* (1993), 66 Ohio St.3d 189, 192, 610 N.E.2d 999, and the improper sentencing of an individual to incarceration for a minor misdemeanor, *Wilson*, 12 Ohio St.3d at 103, 12 OBR 147, 465 N.E.2d 854. An excess of jurisdiction has also been described as " 'simply an absence of jurisdiction as to part of the proceedings.' " *Stahl* at 259, 20 N.E.2d 529, 14 O.O. 112, quoting Clerk and Lindell on Torts (9th Ed.1937) 700. Actions taken by a judge that are determined to be in excess of jurisdiction, resulting from an error in judgment, will not cause a judge to lose immunity. *Wilson* at 104, 465 N.E.2d 854, 12 OBR 147.

{¶ 7} In contrast, civil liability attaches if the judge acts in an absence of all jurisdiction. Id. An absence of all jurisdiction exists when a judge lacks either personal or subject-matter jurisdiction over the controversy, but, nevertheless, takes action in a judicial capacity that violates the rights of a party to the lawsuit. Id.

{¶ 8} In this instance, Borkowski asserts that Judge Abood acted in the absence of all jurisdiction when the judge proceeded with the eviction hearing notwithstanding Borkowski's filing of the notice of removal. Section 1446, Title 28, U.S.Code sets forth the requirements for removing a case to the federal court:

{¶ 9} "(a) A defendant or defendants desiring to remove any civil action * * * from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal * * *.

{¶ 10} "* * *

{¶ 11} "(d) Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded."

{¶ 12} A basic removal principle is that once the provisions of Section 1446(d), Title 28, U.S.Code have been met, the state court is divested of jurisdiction to proceed further until there has been a remand by the federal court. *Yarnevic v. Brink's, Inc.* (C.A.4, 1996), 102 F.3d 753, 754; *Maseda v. Honda Motor Co., Ltd.* (C.A.11, 1988), 861 F.2d 1248, 1254. As a result, any subsequent state court proceedings are without effect even if the federal court later determines that removal was not proper. *South Carolina v. Moore* (C.A.4, 1971), 447 F.2d 1067, 1073. The state court's possession of personal and subject-matter jurisdiction over the controversy is an essential prerequisite to removal. This is because the federal court cannot acquire, through removal, jurisdiction that the state court never had. See, e.g., *Compton v. Carter Oil Co.* (C.A.8, 1922), 283 F. 22, 22; *Hornung v. Master Tank & Welding Co.* (D.N.D.1957), 151 F.Supp. 169, 171. Upon remand, the state court's jurisdiction over the matter is revived. Section 1447(c), Title 28, U.S.Code.

{¶ 13} We read the final provision of Section 1446(d), "the State court shall proceed no further unless and until the case is remanded," to mean that in the interval between the filing of a notice of removal and a federal court's remand of the proceedings, a state trial court is divested of jurisdiction. After Borkowski filed his notice of removal, regardless of the federal court's ultimate determination that the removal attempt was without merit, Judge Abood was required to cease Borkowski's eviction proceedings until the action was remanded by the federal court. Because Judge Abood continued instead with the eviction proceedings, the appellate court properly reversed his order.

{¶ 14} This does not inevitably lead to the conclusion that because a state trial judge is divested of jurisdiction in the interval between the filing of the notice of removal and a federal court's remand of the proceedings, Judge Abood acted in the absence of all jurisdiction. Rather, this interval is equivalent to an "absence of jurisdiction as to part of the proceedings," as described in *Stahl,* 135 Ohio St. at 259, 14 O.O. 112, 20 N.E.2d 529. Actions taken by a judge in this interval are in excess of jurisdiction, and immunity from civil liability applies.

{¶ 15} Without question, Judge Abood possessed personal and subject-matter jurisdiction of Borkowski's eviction proceedings when the complaint was filed. R.C. 1923.01 (municipal and county courts, as well as courts of common pleas, have jurisdiction over eviction, or forcible entry and detainer, proceedings). It is also clear that the trial court's jurisdiction of the eviction proceedings revived

upon remand by the federal court. See Section 1447(c), Title 28, U.S.Code. Nonetheless, Judge Abood temporarily lost jurisdiction over Borkowski's proceeding in the interval between the filing of the notice of removal and the remand by the federal court. Thus, Judge Abood's continuation of the eviction proceeding during that period took place in the "absence of jurisdiction *as to part* of the proceedings." (Emphasis added.) *Stahl,* 135 Ohio St. at 259, 14 O.O. 112, 20 N.E.2d 529. As a result, we cannot say that Judge Abood acted in absence of *all* jurisdiction with respect to this matter. Rather, we conclude that Judge Abood acted only in excess of jurisdiction.

{¶ 16} Although Judge Abood's conduct was in error, it was not an error that abrogated Judge Abood's immunity from civil liability. The purpose of the doctrine of judicial immunity is "to preserve the integrity and independence of the judiciary and to insure that judges will act upon their convictions free from the apprehensions of possible consequences." *Wilson,* 12 Ohio St.3d at 103, 12 OBR 147, 465 N.E.2d 854. The doctrine would fail to serve this essential purpose if a judge was subject to liability for such an error of judgment as exhibited here. See, e.g., *Pierson v. Ray* (1967), 386 U.S. 547, 553–554, 87 S.Ct. 1213, 18 L.Ed.2d 288; *Newdick v. Sharp* (1967), 13 Ohio App.2d 200, 201–202, 42 O.O.2d 344, 235 N.E.2d 529 (error in judgment may be corrected on appeal). Consequently, a judge is immune from liability for damages for acts committed within his or her judicial jurisdiction. *Newdick* at syllabus. Acting within judicial jurisdiction often requires the judge to make a preliminary determination of whether the judge has the authority or jurisdiction to proceed in a matter. Restatement of the Law 2d, Torts (1977), Section 895D, Comment g. Although the decision might have been in error, and the court did not have jurisdiction to proceed, the judge nonetheless acted within the judge's official judicial capacity, performed an official duty, and thus is immune from liability. Id. Another such instance would be when a judge determines that a defendant received proper service and proceeds to try the case. Even if the judge made an error in judgment that was later reversed on the basis of failure of proper service, the judge's immunity remains intact. Id.

{¶ 17} The trial court judgment resulting from Judge Abood's decision to hold the eviction hearing after the filing of the removal notice and before the federal court's remand was determined on appeal to be reversible error. However, Judge Abood had an obligation to make a preliminary determination whether he had jurisdiction to hold the hearing in the eviction proceeding. Even though his decision was erroneous, he acted in his official judicial capacity and his immunity remained intact.

{¶ 18} Based on the foregoing, the judgment of the court of appeals is hereby reversed.

Judgment reversed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment only.

———————

A.J. Borkowski Jr., pro se.

Montgomery, Rennie & Jonson, George D. Jonson, Linda L. Woeber, and Kimberly Vanover Riley, for appellant.