**PLANEY**

v.

**MAHONING CTY. COURT OF COMMON PLEAS et al.**

2009-Ohio-5684.]

Court of Common Pleas of Ohio,
Mahoning County.

No. 08 CV 2166.

Decided April 14, 2009.

2

Joseph Planey, pro se.

Gina D. Bricker and Linette M. Stratford, Assistant Mahoning County Prosecuting Attorneys, for defendants Judge Stephen A. Yarbrough, Judge Beth Smith, Magistrate Judge Donald P. Hefpner, and Chief Magistrate Mark A. Huberman.

Kimberly V. Riley and Lisa Zaring, for defendant Mahoning County Common Pleas Court.

Charles D. Dunlap, for defendant Susann Planey, and pro se.

Fritz E. Berckmueller, for defendant Fidelity Financial Corporation.

JOYCE GEORGE, Judge.

{¶ 1} This matter was stayed pending the resolution of *Gains v. Planey,* Mahoning C.P. No 08 CV 2377. That matter has been resolved and the stay is lifted so that this matter may proceed.

{¶ 2} Plaintiff, Joseph Planey, filed this action naming as defendants the Seventh District Court of Appeals, the Mahoning County Court of Common Pleas, Visiting Judge Stephen A. Yarbrough, Magistrate Judge Donald P. Heffner, Judge Beth Smith, and Chief Magistrate Mark A. Huberman along with defendants' attorney Charles Dunlap (plaintiff's ex-wife's attorney), Susann Planey (plaintiff's ex-wife), and Fidelity Financial Corporation (repository for plaintiff's IRA account). Plaintiff seeks $5 million in damages. Upon plaintiff's filing of this action, the judges of the Mahoning County Court of Common Pleas, active and visiting, all recused themselves from hearing this matter, and the undersigned was assigned as a visiting judge to conduct any further proceedings.

### Defendants, Seventh District Court of Appeals and Mahoning County Common Pleas Court

{¶ 3} The defendant, Seventh District Court of Appeals, filed a motion to dismiss with prejudice, on the basis that courts in Ohio are not sui juris. This court finds on its own motion that the appellate court's motion to dismiss is also applicable to the Mahoning County Common Pleas Court and will be thusly considered. Plaintiff's time to respond to the appellate court's motion has passed, and he has not offered any opposition to that motion.

{¶ 4} The motion, filed under Civ.R. 12(B)(6), is based on the principle that the "courts are not *sui juris*; that is, they cannot be sued as a matter of law." *Malone v. Cuyahoga Cty. Court of Common Pleas* (1976), 45 Ohio St.2d 245, 74 O.O.2d 413, 344 N.E.2d 126. Cases hold that absent express statutory authority, a court cannot be sued in its own right. Id. at 248, 74 O.O.2d 413, 344 N.E.2d 126; *State ex rel. Cleveland Mun. Court v. Cleveland City Council* (1973), 34 Ohio St.2d 120, 63 O.O.2d 199, 296 N.E.2d 544. Further, there is no statutory provision that would permit the Seventh District Court of Appeals or the Mahoning County Court of Common Pleas to be sued. *Malone*; *Mineer v. Fleming Cty.* (C.A.6, 1995), 50 F.3d 10. Thus neither case law nor black-letter law would permit this plaintiff to sue the courts.

{¶ 5} Additionally, the courts are political subdivisions of the state pursuant to R.C. 2744.01(F) and, as such, are clothed with immunity. They are "immune from liability if the employee (active judge, visiting judge, chief magistrate, or magistrate) was engaged in the performance of a judicial [or] quasi-judicial * * * function." R.C. 2744.03(A)(1). Plaintiff seeks a monetary award

**4**

for the conduct of a governmental function, and such relief is not authorized by law. R.C. 2744.01(C)(2)(f). Finally, courts are immune from liability in the performance of a judicial function.

{¶ 6} In view of the foregoing, this court finds that the Seventh District Court of Appeals and the Mahoning County Court of Common Pleas, named as defendants in this matter, are dismissed, with prejudice.

### Answer of Defendants Visiting Judge S.A. Yarbrough, Magistrate Donald P. Hepfner, Judge Beth Smith, and Chief Magistrate Mark A. Huberman

{¶ 7} Defendants Visiting Judge S.A. Yarbrough, Magistrate Donald P. Hepfner, Judge Beth Smith, and Chief Magistrate Mark A. Huberman filed an answer raising the defense of immunity, statutory, absolute, and qualified. Although the Mahoning Count Court of Common Pleas participated in this answer, it has already been dismissed from this action. The individual judicial officers' defense of immunity will be discussed below.

{¶ 8} Judge S.A. Yarbrough and Judge Beth Smith filed a motion for judgment on the pleadings and a memorandum in support, stating that plaintiff's claims against these judges may be raised only on appeal and not in a collateral action. Plaintiff filed a motion to deny Visiting Judge S.A. Yarbrough's and Judge Beth Smith's motion to dismiss plaintiff's claim, with a memorandum in support claiming that these judges violated his civil and constitutional rights involving orders issued by the domestic relations court in *Planey v. Planey*, case No. 2004 DR 00929.

{¶ 9} Here plaintiff's dispute is over an adverse result he received in the Mahoning County Court of Common Pleas, Domestic Relations Division. He claims that the domestic relations division and the Mahoning County Seventh District Court of Appeals "failed to protect [his] civil rights" and "the sanctity of [his] IRA held in trust by Fidelity Corporation." Further, he claims that the "Court violated its mandate to fully explain procedures and practices of the Court system." None of these allegations provide plaintiff with a cause of action against these defendants.

{¶ 10} A judge is exempt from civil liability for actions taken in his or her judicial capacity. *Voll v. Steele* (1943), 141 Ohio St. 293, 25 O.O. 424, 47 N.E.2d 991. Ohio law is clear that a plaintiff claiming to have been injured by judicial action within the scope of the judge's jurisdiction has no civil action against the judge for recovery of damages. *State ex rel. Fisher v. Burkhardt* (1993), 66 Ohio St.3d 189, 610 N.E.2d 999.

{¶ 11} Plaintiff does not allege that any judicial officer took any action that a judge does not normally perform. Plaintiff alleges that his constitutional rights and due process rights were violated because the courts rendered decisions against him. Such conclusionary allegations fail to state a cause of action. These decisions, whether proper or improper, are protected by judicial immunity. Interpreting the law and making decisions based on the law are precisely a judge's role and clearly within the judge's official capacity. Any disagreement with the judge's decision is to be had by way of appeal and not by filing an action against the court or the judges of that court.

{¶ 12} R.C. 2744.03(A)(7) provides that "a judge of a court of this state is entitled to any defense or immunity available at common law or established by the Revised Code." Visiting judges and magistrates, serving the courts under assignment or referral, are immune from civil liability.

{¶ 13} Judicial immunity was created because it was in the public interest to have judges who were at liberty to exercise their independent and impartial judgment about the merits of the case. Judges could act without apprehension of the possibility of being exposed to potential damages liability from vexatious and frivolous actions prosecuted by disgruntled litigants. 46 American Jurisprudence 2d (1994), Judges, 69.

{¶ 14} The conduct of judicial officers while in the performance of their duties is exempt from civil liability under the doctrine of judicial immunity. Judicial acts are not a proper subject of litigation, because it would affect the independence of the judiciary. The intrusion by a disgruntled litigant on the independence of the judiciary by filing suit against the judge threatens this very independence. A judicial officer in exercising his authority should be free to decide a case without considering that he may be faced with personal consequences to himself from one of the parties. Consequently, a judge is immune from liability for damages for acts performed in the exercise of an official duty.

{¶ 15} In *Borkowski v. Abood* (2008), 117 Ohio St.3d 347, 884 N.E.2d 7, the Ohio Supreme Court held that the doctrine of judicial immunity is designed "to preserve the integrity and independence of the judiciary and to insure that judges will act upon their convictions free from the apprehensions of possible consequences." The doctrine would fail to serve this essential purpose if a judge were subject to liability for an error of judgment. Once more, an error in judgment may be corrected on appeal. *Newdick v. Sharp* (1967), 13 Ohio App.2d 200, 201–202, 42 O.O.2d 344, 235 N.E.2d 529.

{¶ 16} In *Wochna v. Kimbler*, 163 Ohio App.3d 349, 2005-Ohio-4802, 837 N.E.2d 1226, the court held that judicial immunity "protects a judge from a civil action for money damages, as asserted by a party claiming to have been injured by

some judicial action occurring within the scope of that judge's jurisdiction." *Hill v. Harris* (Mar. 10, 1993), 9th Dist. No. CA92CA005379, 1993 WL 62189, at \*5, citing *Kelly v. Whiting* (1985), 17 Ohio St.3d 91, 94, 17 OBR 213, 477 N.E.2d 1123. This broad immunity protects judicial acts that are even "done maliciously, or in excess of authority," so long as they are judicial acts. *Kelly*, at paragraph one of the syllabus. "[T]he factors determining whether an act by a judge is judicial relate to the nature of the act itself (whether it is a function normally performed by a judge), and the expectation of the parties (whether they dealt with the judge in his judicial capacity)." *State ex rel. Fisher v. Burkhardt*, 66 Ohio St.3d at 191, 610 N.E.2d 999, citing *Stump v. Sparkman* (1978), 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331. The inquiry focuses on the nature of the act, and not on whether the act was proper. *Stump*; *Walk v. Ohio Supreme Court*, Franklin App. No. 03AP–205, 2003-Ohio-5343, 2003 WL 22290209.

{¶ 17} Defendants Magistrate Donald P. Hepfner and Magistrate Mark A. Huberman filed a motion for judgment on the pleadings, pursuant to Civ.R. 12(C), on the basis that the plaintiff can provide no set of facts to support the claim for relief. *Euvrard v. Christ Hosp.* (2001), 141 Ohio App.3d 572, 752 N.E.2d 326. Plaintiff opposed this motion with a motion to deny Magistrate Donald P. Hepfner's and Chief Magistrate Mark A. Huberman's motion for judgment on the pleadings. The court of appeals is the only court granted jurisdiction to "review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district." R.C. 2501.02.

{¶ 18} Judicial immunity applies not only to judges but to other court officers, such as magistrates and referees. Civ.R. 53(C)(2) sets forth the powers of magistrates. That section provides: "[T]he magistrate shall regulate all proceedings in every hearing as if by the court and do all acts and take all measures necessary or proper for the efficient performance of the magistrate's duties under the order."

{¶ 19} Whether a referral is made to a magistrate, under Civ.R. 53, or an assignment is made to a visiting or a retired judge, under Section 6, Article IV, Ohio Constitution, each is required to comply with the Code of Judicial Conduct. The code requires that due process be afforded all litigants, treating litigants fairly and impartially and providing an opportunity to be heard. The right to due process does not equate to the right to be the prevailing party. The exercise of judgment and discretion is the equivalent of a judicial act. Judicial immunity is extended to magistrates as officers of the court.

{¶ 20} Each of the named defendants, Visiting Judge Stephen A. Yarbrough, Magistrate Judge Donald P. Hefpner, Judge Beth Smith, and Chief Magistrate

Mark A. Huberman are judicial officers and are protected by judicial immunity. Each such judicial officer is dismissed, with prejudice.

## CONCLUSION

{¶ 21} As there can be no monetary remedy against a court or a judicial officer exercising judgment and discretion as a judicial act, these defendants are each dismissed from this case, with prejudice.

So ordered.