[Cite as *Huntington Natl. Bank. v. White*, 2012-Ohio-807.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96835

---

# HUNTINGTON NATIONAL BANK

PLAINTIFF-APPELLEE

vs.

# KENNETH A. WHITE, ET AL.

DEFENDANTS-APPELLANTS

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-719673

**BEFORE:** E. Gallagher, J., Cooney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** March 1, 2012

**ATTORNEY FOR APPELLANT**

J. Reid Yoder
Kaffen, Zimmerman, Dicaudo, and Yoder, LLC
520 South Main Street
Suite 500
Akron, Ohio    44311

**ATTORNEYS FOR APPELLEE**

Robert H. Young
Daniel A. Friedlander
Weltman, Weinberg & Reis Co., LPA
323 West Lakeside Avenue
Suite 200
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Appellant, Kenneth A. White, appeals the trial court's order denying his motion to vacate a sheriff's sale. The property was the subject of a foreclosure action initiated by plaintiff-appellee, Huntington National Bank ("Huntington"). Appellant argues that the trial court was without jurisdiction because he had removed the case to federal court, thereby divesting the state court of jurisdiction. We affirm the decision of the trial court.

{¶2} On February 26, 2010, Huntington filed a complaint in foreclosure against appellant in the Cuyahoga County Court of Common Pleas. Huntington filed a motion for summary judgment and a motion for default judgment on July 28, 2010. On December 15, 2010, the trial court adopted the magistrate's decision that granted Huntington's motions for summary judgment and default judgment and decreed foreclosure. Thereafter, the trial court issued an order for the sale of property and the sheriff's sale was scheduled for February 22, 2011.

{¶3} On February 7, 2011, appellant filed a notice of removal with the trial court, indicating that he had removed the case to the United States District Court for the Northern District of Ohio. Notwithstanding the notice of removal, the property was sold on February 22, 2011. On March 1, 2011, appellant filed a motion to stay proceedings arguing that the removal of the case to the federal court had divested the state court of jurisdiction. The trial court granted appellant's motion and stayed the proceedings on

March 7, 2011.

{¶4}   On April 11, 2011, the United States District Court dismissed appellant's case, without prejudice, for failure to comply with a prior order requiring the appellant to pay the filing fee or submit a financial application and prisoner account.   Appellant moved the district court to reinstate his claim on April 19, 2011, and on April 29, 2011, the district court reinstated the appellant's claim.

{¶5}   Between the April 11 dismissal and the April 29 reinstatement in the district court, the trial court, upon motion by Huntington, reinstated its own proceedings.  On April 26, 2011, the trial court found that appellant had misrepresented that the original removal to the federal court had been effected and that the reinstatement had occurred when in fact, at that time, neither was true.   The trial court then vacated the stay of proceedings and confirmed the sheriff's sale.   Appellant filed a motion to vacate the sheriff's sale on May 2, 2011, which the trial court denied on May 4, 2011. Appellant brings the present appeal asserting the following assignment of error:   "[t]he trial court erred in vacating the stay of proceedings and/or confirming the sheriff sale of the property."

{¶6}   Appellant argues that he effected removal to the United States District Court and, because that court never remanded the case, the trial court was without jurisdiction to deny his motion to vacate the sheriff's sale.

{¶7}   This is not a legal question of whether the appellant's removal of the case

to federal court divested the trial court of jurisdiction. Rather, we are presented with a procedural inquiry of whether appellant actually removed his case to the United States District Court.

{¶8} Three procedural steps are required under 28 U.S.C. 1446 for a defendant to remove an action from state court to federal court. First, a defendant must file in the federal court "a notice of removal * * * containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants." Second, the defendant must give written notice to all adverse parties, and finally, the defendant must file a copy of the removal notice in state court. Removal is not complete until all three steps are taken. *Luri v. Natl.Union Fire Ins. Co. of Pittsburgh*, N.D.Ohio No. 1:09-CV-1664, 2010 WL 1254282 (Mar. 24, 2010). Once the defendant has accomplished these three steps, the case is removed from state court and the state court shall proceed no further unless and until the case is remanded. 28 U.S.C. 1446(d); *Borkowski v. Abood*, 117 Ohio St.3d 347, 2008-Ohio-857, 884 N.E.2d 7, at ¶ 11.

{¶9} Although appellant filed what he captioned a "Notice of Removal" with the state court, the record reflects that the appellant never actually removed his case to the district court. What appellant actually filed was a separate action seeking to challenge the state court's decision.

{¶10} The civil cover sheet from the United States District Court, attached to

appellant's purported notice of removal that was filed with the trial court, specifically indicates that the case is an "Original Proceeding" rather than a case "Removed from State Court." The cover sheet reflects that the appellant is the plaintiff and Huntington is the defendant in the federal action — this is distinct from the underlying state court action in which Huntington was the plaintiff. The cover sheet also reflects the cause of action to be truth in lending violations based upon 15 U.S.C. 1635. The federal complaint itself, also attached to appellant's notice, is titled, "Complaint, Petition, Declaration for termination of SECURITY INTEREST / MORTGAGE * * *." Finally, a copy of the United States District Court's docket, attached to Huntington's March 11, 2011 motion to reconsider, reflects that a required notice of removal is absent from the record.

{¶11} The case that appellant filed in the United States District Court was an amalgam of claims based upon statutory violations and an attempt to indirectly appeal a state court judgment in the federal court. Appellant's federal filing was a separate and original action, not a removal of this case. Appellant failed to perfect the first of three procedural steps required by 28 U.S.C. 1446 that is, actually filing for removal of his case in federal court. We find nothing in the record that disputes the trial court's conclusion that "defendant Kenneth A. White in his 3/1/11 motion for stay misrepresented that the U.S. District Court had granted removal." Thus, removal was never effected and the trial court was never divested of jurisdiction.

**{¶12}** We find that the trial court retained jurisdiction over the case and appellant's sole assignment of error is without merit.

**{¶13}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

COLLEEN CONWAY COONEY, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR