[Cite as *Henderson v. Synenberg*, 2014-Ohio-4089.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100910**

## TROY HENDERSON

PLAINTIFF-APPELLANT

vs.

## JOAN SYNENBERG, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-803591

**BEFORE:**   Stewart, J., Blackmon, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**   September 18, 2014

**FOR APPELLANT**

Troy Henderson, pro se
11040 Clark Road
Chardon, OH    44024


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Brendan R. Doyle
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} In 2012, the grand jury returned an indictment charging plaintiff-appellant Troy Henderson with counts of grand theft, receiving stolen property, forgery, and tampering with records. At the same time, Henderson and the mother of his child were engaged in a child custody dispute in the juvenile division of the court of common pleas. Henderson claimed that the judge who presided over the criminal case, defendant-appellee Joan Synenberg, revoked his bond, detained him in jail, ordered him to undergo a psychiatric examination, and then placed him under supervised release "due to civil matters from the juvenile custody case." After Henderson was acquitted of all criminal charges, he brought this complaint against Judge Synenberg, Cuyahoga County, and probation officer Catrina Lockhart, alleging that their actions interfered with his civil rights and adversely affected his ability to present his case before the juvenile division. The court granted the defendants' motion to dismiss the complaint. Henderson appeals setting forth seven assignments of error, *see* appendix, that challenge the trial court's decision to dismiss his complaint and to stay discovery pending a ruling on the motion to dismiss. We affirm the decision of the trial court.

I

{¶2} In Henderson's first two assignments of error, he asserts that the trial court abused its discretion and committed reversible error in granting the appellees' motion to

dismiss because it did not relate to the proper amended complaint. He asserts also that he provided sufficient claims.

{¶3} Henderson filed a complaint and two amended complaints. The defendants filed a motion to dismiss both the complaint and the first amended complaint, but did not renew their motion to dismiss in response to the second amended complaint. Henderson argues that the defendants' failure to renew the motion to dismiss for the second amended complaint deprived the court of subject matter jurisdiction to rule on the motion to dismiss.

{¶4} Henderson filed his complaint on March 22, 2013. The defendants obtained leave to plead until June 17, 2013. On June 12, 2013, Henderson filed his first amended complaint, but the defendants claimed that they were not served with the amended complaint until June 26, 2013. The defendants filed a motion to dismiss the complaint on June 17, 2013, and on July 10, 2013, they filed a motion to dismiss the amended complaint. On that same day, July 10, 2013, and after the defendants filed their motion to dismiss the amended complaint, Henderson filed his second amended complaint.

{¶5} Civ.R. 15(A) states that "[a] party may amend its pleading once as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required, within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier."

**{¶6}** When Henderson amended his complaint on June 12, 2013, he did so under the version of Civ.R. 15 that was then in effect (the current version of Civ.R. 15 took effect July 1, 2013). That version of the rule allowed him to amend his complaint once as a matter of course and without leave of court as long as no responsive pleading had been filed. *Sony Electronics, Inc. v. Grass Valley Group, Inc.*, 1st Dist. Hamilton Nos. C-010133 and C-010423, 2002-Ohio-1614. The defendants had yet to plead, so the amended complaint was effective.

**{¶7}** But having once amended his complaint, Henderson could not do so a second time without first obtaining leave of court or the opposing party's written consent. He received neither, so his second amended complaint, filed July 10, 2013, was out of rule. Nevertheless, the court's judgment entry dismissing the action referred only to the July 10, 2013 amended complaint and the defendants' second motion to dismiss the June 12, 2013 amended complaint. It does not appear, however, that the court considered in any way that Henderson filed an amended complaint on June 12, 2013, and that the defendants' second motion to dismiss referred to that complaint and not to the July 10, 2013 complaint.

**{¶8}** With the court having based its dismissal on the July 10, 2013 second amended complaint, we have to treat its ruling on that complaint as an implied grant of leave to file the second amended complaint. Although the second amended complaint was filed on the same day as the defendants' motion to dismiss the amended complaint, the timestamp shows that it was filed after the motion to dismiss the amended complaint.

This means that the defendants' motion to dismiss did not actually refer to the second amended complaint. Nevertheless, the basis for the motion to dismiss remained the same, and there was no substantive difference between the first and second amended complaints. (Henderson deleted two paragraphs in his factual allegations, neither of which had any bearing on his causes of action.) Given the irregularity in the way Henderson amended his complaint a second time, we have no basis for finding the court erred by dismissing the second amended complaint.

## II

{¶9} We next consider Henderson's assignments of error relating to the dismissal of claims against Judge Synenberg. The court held that the claims against Judge Synenberg were related to a criminal case involving Henderson that was properly pending before her, rendering her immune from suit. Henderson maintains that the court erred by finding that he failed to plead a cognizable claim for relief against her.

{¶10} A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). When deciding a Civ.R. 12(B)(6) motion, the court must take all of the factual allegations of the complaint as true and decide whether the plaintiff has argued any set of facts that could support a claim for relief. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988); *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975), syllabus.

**{¶11}** In *Borkowski v. Abood*, 117 Ohio St.3d 347, 2008-Ohio-857, 884 N.E.2d 7, paragraph one of the syllabus states:

> When a judge acts in an official judicial capacity and has personal and subject-matter jurisdiction over a controversy, the judge is exempt from civil liability even if the judge goes beyond, or exceeds, the judge's authority and acts in excess of jurisdiction. Civil liability attaches only if the judge acts in an absence of all jurisdiction.

**{¶12}** Henderson alleged that Judge Synenberg interjected herself into the juvenile division proceedings by detaining him, thus preventing him from representing himself in the juvenile division. None of her actions, however, were done outside of her jurisdiction as a judge of the court of common pleas presiding over criminal proceedings. As alleged in the complaint, she ordered Henderson detained in a holding cell, ordered him to undergo a psychiatric evaluation, placed him under house arrest, and ordered him to see a probation officer. Assuming for purposes of the motion to dismiss that these actions were true, they were nonactionable because Judge Synenberg's actions occurred in her official capacity as a judge presiding over Henderson's criminal case. That those actions had collateral consequences to Henderson's civil case does not detract from Judge Synenberg's authority to take them. She is thus immune from any liability with regard to those actions.

III

{¶13} Regarding the claims against Cuyahoga County and probation officer Lockhart, the court also found that these claims were not set out with specificity and that Henderson failed to state any plausible claim for entitlement to relief. In addition, the court found that the county, as a governmental entity, was immune from liability under R.C. 2744.02 and that Lockhart, as a probation officer, had absolute immunity for actions taken within the scope of her employment.

A

{¶14} There is a three-tiered analysis to determine whether a political subdivision is entitled to immunity from civil liability pursuant to R.C. Chapter 2744. *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543, ¶ 10. We first determine whether the entity claiming immunity is a political subdivision and whether the alleged harm occurred in connection with a governmental or a propriety function. If the political subdivision is entitled to immunity, we next consider whether the plaintiff has shown that there are any exceptions to immunity under R.C. 2744.02(B). If there are exceptions to immunity, we then consider whether the political subdivision can assert one of the defenses to liability under R.C. 2744.03. *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998).

{¶15} There is no question that the county is a political subdivision. *See* R.C. 2744.01(F). The governmental function at issue in Henderson's complaint is less clear — the court found that Henderson's complaint made no specific allegations against

Cuyahoga County and broadly viewed his allegations as referencing its operation of a court system and jail. The operation of a court system and jail is a governmental function, *see* R.C. 2744.01(C)(2)(f) and (h), so the claims made against the county relate to governmental functions for which the county is immune from damages in a civil action.

{¶16} There are no exceptions to immunity under R.C. 2744.02(B) for the acts alleged in the complaint, nor has Henderson argued that any exist. Exceptions to immunity under that section exist for negligent operation of motor vehicles; negligence with respect to a proprietary function; failure to keep roads in repair and free from obstructions; negligent failure to keep public buildings and their grounds free of physical defects; or that liability is expressly imposed by R.C. 2744.02(B)(5).

{¶17} The complaint alleged that the "defendants" engaged in malicious acts or omissions or acted outside the scope of their official duties, but it made no specific allegations that the county engaged in any acts that would qualify as exceptions to tort immunity under R.C. 2744.03(B). The county thus remains immune from liability, and the claims against it were properly dismissed.

B

{¶18} The court likewise did not err by holding that Lockhart was immune from liability. The court correctly noted that a probation officer "is protected under the umbrella of absolute immunity for actions taken within the scope of her employment." *McCormick v. Carroll*, 8th Dist. Cuyahoga No. 83770, 2004-Ohio-5969, ¶ 20. The

claims made against Lockhart were conclusory and lacked specificity. But even construing them as broadly as possible, the claims against Lockhart alleged that she implemented a house arrest order and electronic monitoring; administered urine tests; required Henderson's attendance at meetings with the probation officer; and imposed costs associated with supervised release. All of these actions fell within the duties of a probation officer, so Lockhart remained immune from suit.

IV

{¶19} The last issue for discussion is Henderson's argument that the court erred by granting the defendants' motion to stay discovery pending the resolution of their motions to dismiss.

{¶20} We agree with the defendants that the court did not abuse its discretion by staying discovery. Absolute immunity is not just immunity from damages; it is immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). When a defendant makes a facial challenge to the sufficiency of a claim, a motion to dismiss based on a failure to state a claim should be resolved before discovery begins — doing so spares the party asserting immunity from having to engage in the kind of litigation that is to be avoided by the grant of immunity. The conclusory nature of Henderson's allegations coupled with the assertion of immunity were enough to justify the court's decision to stay discovery pending resolution of the motion to dismiss. No abuse of discretion is shown.

{¶21} Judgment affirmed.

It is ordered that appellees recover of appellant their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, P.J., and
TIM McCORMACK, J., CONCUR

APPENDIX


Assignments of Error

I. The Trial Court abused its discretion by granting Appellee[s'] motion to dismiss where Appellee's [sic] did not file a motion to dismiss Plaintiff's second amended complaint.

II. The Trial Court committed reversible error and committed prejudicial error by dismissing Appellant's Second Amended Complaint where Appellant provided sufficient claims governed by Civil Rule 8.

III. The Trial Court committed prejudicial error by granting Appellees' motion to dismiss pursuant to immunity where Appellant provided sufficient facts for exceptions to bypass judicial and statutory immunities.

IV. The Trial Court deprived Appellant's Constitutional due process rights by granting Appellees' motion to dismiss where Appellant averred facts to overcome a motion to dismiss.

V. The Trial Court deprived Appellant of his due process and equal protection rights by dismissing Appellant's Second Amended Complaint where there was [sic] sufficient facts against Defendant Synenberg with respect to subject matter, personal and criminal jurisdiction issues, abuse of authority, acts and omissions in a wanton and reckless matter

and questionable official duties of a criminal judiciary during and prior to the criminal trial court obtaining criminal law jurisdiction over *State v. Henderson*, Crim. Case No. 554594.

VI. The Trial Court deprived Appellant of his Constitutional Due Process and Equal Protection Rights to discovery from opposing parties by granting Appellees' motion to stay on discovery.

VII. The trial court erred as a matter of law by dismissing the Appellant's Second Amended Complaint where Appellant averred Constitutional and Title 29 violations of Ohio statutes.