EVANS

v.

**SUPREME COURT OF OHIO et al.**

2002-Ohio-3518.]

Court of Claims of Ohio.

No. 2001–10344.

Decided June 10, 2002.

Charles R. Evans, pro se.

Betty D. Montgomery, Attorney General, and Peggy W. Corn, Assistant Attorney General, for defendants.

---

FRED J. SHOEMAKER, Judge.

{¶ 1} The case is now before the court for a non-oral hearing on the parties' cross-motions for summary judgment. Initially, the court notes that there are a number of additional pending motions that must be addressed. Accordingly, the court ORDERS the following:

{¶ 2} 1. Plaintiff's March 13, 2002 motion for an immunity determination is DENIED as moot in light of this court's March 15, and April 4, 2002 orders. Moreover, the issues in this case concern judicial immunity. A determination of judicial immunity does not mandate a separate hearing, such as may be required in cases involving civil immunity pursuant to R.C. 2743.02(F) and 9.86;

{¶ 3} 2. Plaintiff's April 8, 2002 motion for reconsideration is DENIED;

{¶ 4} 3. Plaintiff's April 8, 2002 motion for production of documents pursuant to stipulation of authenticity is DENIED;

{¶ 5} 4. Defendants' April 10, 2002 motion to quash subpoena duces tecum of Judge Yarbrough is GRANTED in part, as to the request for production of documents and DENIED as moot in part, in light of the deposition that was taken in this court on April 11, 2002;

{¶ 6} 5. Plaintiff's April 22, 2002 request for judicial notice of a stipulation made to the original transcript of the December 22, 2000 proceeding is GRANTED;

{¶ 7} 6. Plaintiff's April 22, 2002 request for immediate production of Judge Yarbrough's oath of office and May 20, 2002 motion to compel Judge Yarbrough's oath of office are DENIED in light of defendants' May 20, 2002 response to plaintiff's request for the production of documents;

{¶ 8} 7. Plaintiff's May 20, 2002 motion for leave to supplement his motion for summary judgment is DENIED;

{¶ 9} 8. Plaintiff's May 24, 2002 motion for recusal is DENIED. The court previously denied such request by entry of Judge J. Warren Bettis dated January 16, 2002.

{¶ 10} With respect to the cross-motions for summary judgment, the court notes that plaintiff's complaint asserts the following causes of action against defendants: (1) abuse of process; (2) malicious prosecution; (3) negligence; (4) denial of civil rights; (5) wrongful incarceration; and (6) invasion of privacy. The allegations stem from a December 22, 2000 ruling by retired Judge Stephen A. Yarbrough during a judicial proceeding in the Franklin County Court of Common Pleas, Division of Domestic Relations. Specifically, the judge found plaintiff in contempt of court and sentenced him to ten days in jail. Judge Yarbrough was sitting by temporary assignment of the Chief Justice of the Supreme Court of Ohio.

{¶ 11} Plaintiff alleges that defendants were negligent in making the assignment because there had been previous complaints about Judge Yarbrough. Plaintiff further claims that Judge Yarbrough did not have the authority to act as judge because he had not renewed his oath of office before accepting the

assignment. Defendants argue that plaintiff's claims should be dismissed for lack of subject matter jurisdiction and because Chief Justice Moyer's actions in assigning Judge Yarbrough are protected by the doctrine of judicial immunity.

{¶ 12} At the outset, the court finds that it lacks subject matter jurisdiction over both plaintiff's constitutional claims and plaintiff's claims of civil rights violations that are premised upon Section 1983, Title 42, U.S.Code. See *Graham v. Ohio Bd. of Bar Examiners* (1994), 98 Ohio App.3d 620, 649 N.E.2d 282; *Burkey v. S. Ohio Correctional Facility* (1988), 38 Ohio App.3d 170, 528 N.E.2d 607. Therefore, those portions of plaintiff's case are DISMISSED.

{¶ 13} With respect to plaintiff's remaining claims, the court relies on the standard for review set forth in *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264. That case provides:

{¶ 14} "[A] party seeking summary judgment, on the ground that the non-moving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims."

{¶ 15} Here, both parties are seeking summary judgment on all claims set forth in the complaint. Thus, both parties must submit some evidence of the type listed in Civ.R. 56(C). That rule states, in part, as follows:

{¶ 16} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * * " See, also, *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 66 O.O.2d 311, 309 N.E.2d 924; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 17} In support of his claims, plaintiff has submitted numerous exhibits, including a letter that he received from Ohio Supreme Court Justice Alice Robie Resnick, dated April 24, 2001. In the letter, Justice Robie Resnick states that she took no part in the assignment of Judge Yarbrough but that she was aware of numerous complaints about him. Although the letter does not qualify as an affidavit or any type of evidence listed in Civ.R. 56(C), the parties have stipulated that it may be considered in ruling on the cross-motions for summary judgment. Additionally, the court will consider the April 11, 2002 deposition testimony of Judge Yarbrough.

{¶ 18} As stated previously, the issues in this case concern the doctrine of judicial immunity, that is, whether Chief Justice Moyer, acting for the Supreme Court of Ohio, is protected by such doctrine in regard to his appointment of Judge Yarbrough to hear plaintiff's domestic relations case. An ancillary issue is whether Judge Yarbrough is protected by the same doctrine for his actions in hearing and determining plaintiff's domestic relations case.

{¶ 19} This court addressed the doctrine of judicial immunity in its April 4, 2002 entry. In that entry, this court stated:

 {¶ 20} "* * * Ohio law is clear that 'no civil action can be maintained against a judge for the recovery of damages by one claiming to have been injured by judicial action within the scope of the judge's jurisdiction.' *State ex rel. Fisher v. Burkhardt* (1993), 66 Ohio St.3d 189 [610 N.E.2d 999]. Similarly, 'a judge cannot be held liable for actions taken that are within the judge's discretion.' *Newdick v. Sharp* (1967), 13 Ohio App.2d 200 [42 O.O.2d 344, 235 N.E.2d 529]. * * *

 {¶ 21} "* * * Based upon these principles, the court finds that it is absolutely clear that Chief Justice Moyer was acting in his judicial capacity when he appointed Judge Yarbrough to sit at the Franklin County Court of Common Pleas, Division of Domestic Relations. Further, when deciding both initially and upon reconsideration, that plaintiff's affidavit to disqualify Judge Yarbrough lacked merit, Chief Justice Moyer specifically responded to all the pertinent issues. He was exercising judicial discretion when he made his judgment. Plaintiff's argument that the decision was ministerial is simply not well-taken. * * *"

 {¶ 22} The April 4, 2002 entry is dispositive of the issue of judicial immunity concerning Chief Justice Moyer. With respect to Judge Yarbrough, the court notes that it was present for the April 11, 2002 deposition, albeit solely for the purpose of ruling on objections. After reviewing the deposition testimony, the court finds that any actions alleged to have been taken by Judge Yarbrough in plaintiff's domestic relations case were taken in Judge Yarbrough's

judicial capacity. Thus, Judge Yarbrough is protected by the doctrine of judicial immunity.

{¶ 23} However, plaintiff also asserts that Judge Yarbrough did not have the authority to act as a judge in the domestic relations case because he had not been administered an oath of office relative to the assignment. Plaintiff maintains that inasmuch as Judge Yarbrough voluntarily retired in 1995, his oath of office lapsed upon retirement.

{¶ 24} There is no dispute that Judge Yarbrough took an oath of office to sit for the Lucas County Court of Common Pleas on December 27, 1988. Plaintiff argues that such 1988 oath of office does not transfer or apply to any of Judge Yarbrough's assignments as a retired judge. Thus, plaintiff contends that, because Judge Yarbrough was not sworn in as a reactivated retired judge, he had no authority to act in plaintiff's domestic relations case, and, therefore, was not protected by judicial immunity.

{¶ 25} Section 7, Article XV of the Ohio Constitution states the following: "Every person chosen or appointed to any office under this state, before entering upon the discharge of its duties, shall take an oath or affirmation, to support the Constitution of the United States, and of this state, and also an oath of office." R.C. 3.22 echoes the constitutional requirement: "Each person chosen or appointed to an office under the constitution or laws of this state * * * shall take an oath of office before entering upon the discharge of his duties. *The failure to take such oath shall not affect his liability or the liability of his sureties*." (Emphasis added.) R.C. 3.23 sets forth the substance of the oath: "The oath of office of each judge of a court of record shall be to support the constitution of the United States and the constitution of this state, to administer justice without respect to persons, and faithfully and impartially to discharge and perform all the duties incumbent on him as such judge, according to the best of his ability and understanding. * * *"

{¶ 26} Section 6(C), Article IV of the Ohio Constitution states: "* * * Any voluntarily retired judge, or any judge who is retired under this section, may be assigned with his consent, by the chief justice or acting chief justice of the supreme court to active duty as a judge * * *." The language found in Section 6(C), Article IV is reiterated in R.C. 141.16.

{¶ 27} There is no language in the above-quoted provisions requiring an additional oath of office to be administered upon assignment as a retired judge. The court is not willing to read such a requirement into those provisions. Rather, it is the court's opinion that the lack of such language clearly indicates that no additional oath is required; if there were such a requirement, it would be so stated.

■ {¶ 28} The court finds that when a retired judge is assigned to active duty, that judge is resuming the duties in that office. The judge's original oath of office satisfies the requirement that a judge take an oath of office before entering upon the discharge of his duties. Accordingly, Judge Yarbrough's 1988 oath of office remains in effect for all subsequent assignments. The argument that a "second" oath is required simply lacks merit. Plaintiff has not cited any evidence or case law to support that position. However, even if a second oath were required, it has been held that an irregularity in the appointment of a judge does not render his judicial actions void. *Demereaux v. State* (1930), 35 Ohio App. 418, 172 N.E. 551. A judge having "colorable" authority is deemed a de facto judge with all the power and authority of a proper de jure judge. *Williams v. Banner Buick, Inc.* (1989), 60 Ohio App.3d 128, 134, 574 N.E.2d 579.

■ {¶ 29} Based upon the absence of any constitutional or statutory language requiring an additional oath upon reactivation, and in light of the decisions in *Demereaux* and *Williams,* supra, it is the court's opinion that the re-taking of an oath is not a strict prerequisite to continued judicial service. Every retired judge is bound by the Code of Judicial Conduct. Canon 2 of the code states: "A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." "Law" is defined in the code as "court rules as well as statutes, constitutional provisions, and decisional law." Thus, even without the taking of an additional oath, a judge is still duty-bound to adhere to its requirements, i.e., to uphold the law and the Constitutions of the state and federal governments. In fact, the Code of Judicial Conduct goes beyond the promise of the oath and imposes even higher and more specific standards of office. For example, the code requires that a judge relinquish the practice of law and service in almost every other type of legal capacity, to eliminate an "appearance of impropriety."

■ {¶ 30} Finally, the substance of plaintiff's complaint concerns the actions of Judge Yarbrough in a domestic relations case that was reviewable upon direct appeal to the Tenth District Court of Appeals. This court does not have authority to review the judgments made by Judge Yarbrough in the domestic relations action but only whether he was acting in his judicial capacity. Plaintiff did not avail himself of the remedy of appeal, nor did he at any time during the domestic relations case raise the issue of disqualification for lack of an oath.

{¶ 31} For the foregoing reasons, defendants' February 12, 2002 motion for summary judgment is GRANTED, and judgment is rendered in favor of defendants. Plaintiff's April 23, 2002 motion for summary judgment is DENIED. All

motions filed subsequent to the non-oral hearing date are hereby OVERRULED as moot.

Judgment accordingly.

FRED J. SHOEMAKER, J., retired, of the Franklin Court of Common Pleas, sitting by assignment.