DECISION
{¶ 1} Plaintiff-appellant, Joseph Hardy ("appellant"), pro se, appeals from the judgment of the Ohio Court of Claims granting summary judgment in favor of defendants-appellees, Belmont Correctional Facility ("BCF"), the Industrial Commission of Ohio ("the Commission"), and the Bureau of Workers' Compensation ("the Bureau"), collectively referred to as "appellees."
 {¶ 2} On October 18, 2004, appellant filed suit against appellees, subsequently amending his complaint on November 2, 2004. Therein, appellant asserted that appellees wrongfully sentenced and imprisoned him for workers' compensation fraud and attempted workers' compensation fraud. He also claimed that the trial judge who presided over his criminal case acted with bias and prejudice. Appellant additionally asserted claims for defamation, collusion, and slander. Based on these allegations, appellant sought to recover damages in excess of 30 million dollars.
 {¶ 3} On November 23, 2005, appellees filed a motion for summary judgment, which was supported by the affidavit of Mickie Rigsby, chief of the Ohio Department of Corrections' Bureau of Sentence Computation, and various judgment entries entered in appellant's other cases as referenced in his complaint. Appellant responded to appellee's motion in a successive series of replies.
 {¶ 4} The trial court found that because appellant failed to submit any admissible evidence in support of his claims, he failed to meet his reciprocal burden and establish that a genuine issue of material fact existed. Specifically, the court determined that Ms. Rigsby's affidavit established that there was no error in calculating appellant's sentence. Another claim that did not survive summary judgment related to appellant's allegation that the trial judge in his criminal case acted with bias and prejudice. The court found because appellant "had the opportunity to raise any assignment of error from his criminal conviction in his direct appeal," he was precluded from raising the issue here, as "he cannot now substitute an action in this court for a right of appeal in a different court." (Decision dated Jan. 18, 2006, at 5.) It further noted that liability cannot be imposed on the judge because doing so would violate the well-established rule that "`no civil action can be maintained against a judge for the recovery of damages by one claiming to have been injured by judicial action within the scope of the judge's jurisdiction.'" Id., quoting Evans v. Supreme Court ofOhio (2002), 119 Ohio Misc.2d 34, 2002-Ohio-3518, at ¶ 20
(citations omitted.) The court also held that summary judgment on appellant's defamation claim was proper because "even if [appellant] had proved that any of the alleged statements made in connection with either his criminal trial or his workers' compensation proceedings were false, [appellees] are protected from liability by an absolute judicial privilege since those statements were reasonably related to the proceedings." Id. at 7, citing Surace v. Wuliger (1986), 25 Ohio St.3d 229; ErieCounty Farmers' Ins. Co. v. Crecelius (1930), 122 Ohio St. 210. Thus, the trial court found that appellees were entitled to judgment as a matter of law, and entered judgment accordingly. It is from this judgment that appellant appeals.
 {¶ 5} On appeal, appellant asserts the following two assignments of error:
PRO SE ASIGNMENT OF ERROR 1
TRAIL (SIC) COURT ERRED GRANTING SUMMARY JUDGEMENT (SIC) WITHOUT JOURNAL ENTRY VIO-LATING THE PLAINTIFF'S RIGHTS AGAINST DOUBLE JEOPARDY AND SUPPLEMENT USURIOUS INTEREST (IN PARI DELICTO) § 1343.04 AS GUARANTEED BY THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION: ARTICLE I § I0 § 1343.04 OF THE OHIO CONSTITUTION; AS WELL APPLICABLE PRO-VISIONS OF OHIO REVISED CODE .2929.20(1). (T.P.S. 56, 58, 59)., PLEADED ON BEHALF OF THE PLAINTIFF HARDY BY PROSECUTOR WILLIAM D. MASON. ATTACHED HERETO.
PRO SE ASSIGNMENT OF ERROR II
THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGEMENT (SIC); THE STATE HAS PLEADED GULITY (SIC) AT THE APPELLATE COURT LEVEL, REVERSED AND REMANDED CASE NO. 83572. IN THE COURT OF CLAIMS THE STATE DENIES ALL ISSUES CATA-GORICALLY (SIC), ON OCTOBER 19, 2005 PRE-SCREENING ENTRY THE COURT SUA SPONTE AMENDS THE CAPTION JOSEPH HARDY VS. BELMONT CORREC-TIONAL INSTITUTION, ET. AL., UNDER 2743.02 OF THE REVISED CODE SECTION 2743, WHERE THE STATE HAS PLEADED GUILTY TO DOUBLE-JEOPARDY REVERSED BY THE APPELLATE COURT THE PLAINTIFF HAS MET THE BURDEN OF PROOF, THE COURT ERRS AFTER THESE MATTERS HAD BEEN SET FOR TRIAL TO ENTERTAIN SUMMARY JUDEGMETN (SIC) WITHOUT JOURNAL ENTRY WITHOUT LEAVE CIV. RULE .5704 SET FORTH IN LOC. RULE .2101. COUNSEL OF RECORD WAS NOT JANA M. BROWN RULE .1802, THE COURT FAILED TO QUALIFY THE EXPERT WITNESS AFTER THE EXPIRATION DATE OCTOBER 24, 2005 CIV. RULE .56(E) SUMMARY JUDGMENT WOULD BE A DIRECT CONFLICT THERE MUST BE A SETTLEMENT MINIMUM A FAIR TRIAL. THEREBY VIOLATING THE PLAINTIFF RIGHTS OF EQUAL PROTECTION AND DUE ROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENT, SECTION 1 § 2 AND § 10 OF THE OHIO CONSTITUTION WHERE THE STATE HAD PLEAD GULITY (SIC) TO DOUBLE JEOPARDY CODICIL (IN PARI DELICTO) A JUDGEMENT (SIC) WHICH INCLUDES USURIOUS INTEREST IS ERRONEOUS § 1343.04.
 {¶ 6} Civ.R. 56(C) states that summary judgment shall be rendered forthwith if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the non-moving party. Murphy v.Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 7} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The moving party may not fulfill its initial burden simply by making a conclusory assertion that the non-moving party has no evidence to prove its case. Id. Rather, the moving party must support its motion by pointing to some evidence of the type set forth in Civ.R. 56(C), which affirmatively demonstrates that the non-moving party has no evidence to support the non-moving party's claims. Id. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. Id. However, once the moving party satisfies its initial burden, the non-moving party bears the burden of offering specific facts showing that there is a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but, instead, must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Civ.R. 56(E); Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 8} Appellate review of summary judgments is de novo. Koosv. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588;Midwest Specialties, Inc. v. Firestone Tire Rubber Co.
(1988), 42 Ohio App.3d 6, 8. We stand in the shoes of the trial court and conduct an independent review of the record. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. SeeDresher, supra; Coventry Twp. v. Ecker (1995),101 Ohio App.3d 38, 41-42.
 {¶ 9} Having set forth our standard of review, a discussion regarding some of the rules governing practice in Ohio courts is warranted. In this case, appellant is representing himself on appeal as he did in the trial court. While the law permits a litigant to act as his or her own attorney, those who do are generally "held to the same standard as litigants who are represented by counsel." Sabouri v. Ohio Dept. of Job FamilyServs. (2001), 145 Ohio App.3d 651, 654. Thus, like members ofthe bar, pro se litigants are required to comply with rules of practice and procedure.
 {¶ 10} Germane to our discussion are several appellate rules of procedure, including that which holds it is not the duty of this court to search the record for evidence to support an appellant's argument as to alleged error. Sherman v. Sherman,
Franklin App. No. 05AP-757, 2006-Ohio-2309, at ¶ 15, citingState ex rel. Montgomery v. Gold, Franklin App. No. 04AP-863, 2006-Ohio-943, at ¶ 94. Rather, the burden of affirmatively demonstrating error on appeal rests with the party asserting error. App.R. 9 and 16(A)(7); State ex rel. Fulton v. Halliday
(1944), 142 Ohio St. 548. Pursuant to App.R. 16(A)(7), an appellant must present his or her contentions with respect to each assignment of error presented for review and the reasons in support of those contentions, including citations to legal authorities and parts of the record upon which the appellant relies. An appellate court may disregard arguments if the appellant fails to identify the relevant portions of the record from which the errors are based. App.R. 12(A)(2); In re C.C.,
Franklin App. No. 04AP-883, 2005-Ohio-5163, at ¶ 80. Stated another way, "failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal."Kremer v. Cox (1996), 114 Ohio App.3d 41, 60.
 {¶ 11} In this regard, we observe that appellant's brief is basically unintelligible. It consists of jumbled, unclear, and incoherent babblings interspersed with references to irrelevant legal authority. Further, it makes no colorable effort to point out legal or factual errors in the court of claims' decision. To the extent we can discern the gist of appellant's assignments of error, we find his brief restates arguments that the court of claims properly rejected. Succinctly stated, we find appellant has failed to present any arguable reason why the lower court erred in its disposition.
 {¶ 12} Based on the foregoing, appellant's assignments of error are overruled, and the judgment of the Court of Claims of Ohio is affirmed.
Judgment affirmed.
Klatt, P.J. and Brown, J., concur.