[Cite as *Anderson v. Preferred Title & Guaranty Agency, Inc.*, 2014-Ohio-518.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

Kim L. Anderson,                                      :

      Plaintiff-Appellant,               :

v.                                                            :               No. 13AP-385
                                                                        (C.P.C. No. 11CV-9083)

Preferred Title & Guaranty Agency,        :
Inc. et al.,                                                          (REGULAR CALENDAR)

                                                              :

      Defendants-Appellees.            :

                                                              :

---

## D E C I S I O N

### Rendered on February 13, 2014

---

*Kim L. Anderson*, pro se.

*DeSanto & McNichols, Debra J. DeSanto* and *David J. McNichols*, for appellees Preferred Title & Guaranty Agency, Inc. and Frank Farkas.

*Sikora Law LLC, Michael J. Sikora, III, Richard T. Craven* and *Joni S. Todd*, for appellee Stewart Title Guaranty Company.

---

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Plaintiff-appellant, Kim L. Anderson, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for summary judgment and granting the motions for summary judgment of defendants-appellees Stewart Title Guaranty Company, Preferred Title & Guaranty Agency, Inc., and Frank Farkas. For the following reasons, we affirm.

## I. BACKGROUND

{¶ 2}   Appellant brought this action, pro se, against Stewart Title Guaranty Company ("Stewart Title"), Preferred Title & Guaranty Agency, Inc. ("Preferred Title"), Frank Farkas (collectively "appellees"), and Rebecca Barley.[1]  According to the parties, appellant was a facilitator who brought buyers and sellers together for three real estate transactions, which are at issue in this case.  Preferred Title provided title, escrow, and closing services related to the transactions.  Farkas, a vice president at Preferred Title, and Barley, an employee at Preferred Title, were involved in the transactions.  Stewart Title had a business relationship with Preferred Title, pursuant to which it underwrote the title insurance policies issued by Preferred Title during the transactions.

{¶ 3}   Appellant claims Stewart Title, Preferred Title, Farkas, and Barley had a duty to disclose accurate information to lenders but, despite that duty, Barley listed appellant's business debts incorrectly as second mortgages on HUD-1 Settlement Statements related to the sale of properties located at 873-875 Kelton Avenue, Columbus, Ohio 43206; 69 Dakota Avenue, Columbus, Ohio 43222; and 296 Olentangy Ridge Place, Powell, Ohio 43068.  Farkas approved the paperwork prepared by Barley.  Appellant also contends he was listed as a real estate broker in error.

{¶ 4}   The errors on the paperwork played a role in causing funds to flow into appellant's possession that he was not legally entitled to receive, and he retained those funds.  Consequently, appellant was indicted, tried before a jury, and convicted of engaging in a pattern of corrupt activity, identity fraud, theft, forgery, and money laundering.  Appellant was sentenced to serve 15 years in prison and ordered to pay over $1 million in restitution.

{¶ 5}   Appellant does not dispute that his convictions are related to the sale of five properties, including the three at issue in this case.  Appellant contends that appellees are civilly liable to him because Barley's errors on the HUD-1 Settlement Statements caused him to become convicted, incarcerated, and subject to the restitution order.  He argues that Preferred Title is liable to him as Barley and Farkas' employer, and Stewart Title is vicariously liable to him due to its relationship with Preferred Title and underwriting the

---

[1] Rebecca Barley was never served with process in the underlying lawsuit, nor did she enter an appearance or otherwise plead.  She is, likewise, not a party to this appeal.

title insurance policies. Appellant's operative complaint is imprecise, but it includes allegations of negligence, misrepresentation, fraud, and intentional infliction of emotional distress.

{¶ 6} On November 26, 2012, appellant filed a motion for summary judgment. He argued that there was no genuine dispute that Barley prepared the flawed HUD-1 Settlement Statements, Farkas approved those documents, and the mistakes on those documents cause him to be prosecuted. Therefore, appellant contended the trial court should grant him judgment as a matter of law and award him $12 million in compensatory and punitive damages.

{¶ 7} On December 10, 2012, Stewart Title filed a motion for summary judgment arguing that appellant did not allege any direct wrongdoing on its part, and appellant could not otherwise establish a viable theory of liability pertaining to Stewart Title. On January 15, 2013, Preferred Title and Farkas filed a motion for summary judgment arguing that they committed clerical errors and did not act with malice or knowingly commit fraud. Preferred Title and Farkas noted they relied on documents provided to them by appellant. Additionally, Preferred Title and Farkas argued that appellant's claims were barred by application of the unclean hands doctrine, referencing appellant's criminal conduct and convictions.

{¶ 8} On April 12, 2013, the trial court ruled on the three motions for summary judgment. The court denied appellant's motion and granted appellees' motions due to appellant's unclean hands. The court also found appellant's claims against Stewart Title, Preferred Title, Farkas, and Barley failed as a matter of law regardless of whether they were based on theories of direct or vicarious liability. The court concluded that "[appellant] accepted and retained the funds disbursed at the three closings and it was his acceptance and retention of those funds that led to his criminal convictions and incarceration." (R. 210, Decision and Entry, 19.) Appellant has timely appealed the trial court's judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 9} Appellant presents the following three assignments of error for our review:

**FIRST ASSIGNMENT OF ERROR**

The Trial Court erred as a matter of law and abused its Discretion by Denying Plaintiff-Appellant's Motion for Summary Judgment; when there were no genuine issues of material fact and Plaintiff-Appellant was entitled to Summary Judgment; where the issue of liability was based on the wrongful acts of the Defendants incident to three Real Estate Transactions and the Paramount wrongful act was admitted to by one Defendant and acknowledged by all the others. Further, more specifically, the Trial Court erred and abused its Discretion by not Granting Summary Judgment against Defendant Rebecca Barley, who under the facts conceded by all parties and the Trial Court; admitted she listed the Plaintiff's Business Debt wrongly as a Second Mortgage on Three Real Estate Transactions HUD-1 Settlement Statements. Again, under the facts, this act was committed by her and not Plaintiff.

**SECOND ASSIGNMENT OF ERROR**

The Trial Court erred as a matter of law and abused its Discretion by Granting Defendants-Appellees Preferred Title & Guaranty Agency, Inc. and Frank Farkas's Motion for Summary Judgment; where, again, the issue of liability was based on the wrongful acts of the Defendants incident to three Real Estate Transactions and the fatal act was done by one of the Defendants but argued away as a clerical error, repeated at least Three times and committed without malice or knowingly; and that they relied on documents provided by Plaintiff, who simply had presented invoices, not Second Mortgages, to said Defendants; and under these facts it was unreasonable to grant them Summary Judgment.

**THIRD ASSIGNMENT OF ERROR**

The Trial Court erred as a matter of law and abused its Discretion by Granting Defendant-Appellee Stewart Title Guaranty Company's Motion for Summary Judgment; where the issue of liability was based on the wrongful acts of the Defendants incident to three Real Estate Transactions and the fatal act was done by one of the Defendants but argued away as a clerical error; but repeated three times, and Stewart Title was aware of Preferred's Acts and even approved them repeated as well as holding themselves out as the Principal and had privity of contract to be held liable under contract law

and should also be held vicariously liable for the acts of its agents.

## III.  PRELIMINARY MATTERS

{¶ 10} Preliminarily, because appellant is proceeding pro se on appeal as he did in the trial court, we note that "Ohio courts hold pro se litigants to the same rules and procedures as those litigants who retain counsel. Pro se litigants are not entitled to greater rights, and they must accept the results of their own mistakes." *Williams v. Lo*, 10th Dist. No. 07AP-949, 2008-Ohio-2804, ¶ 18, citing *Whitehall v. Ruckman*, 10th Dist. No. 07AP-445, 2007-Ohio-6780, ¶ 21; *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas*, 123 Ohio St.3d 124, 2009-Ohio-4688, ¶ 1, quoting *State ex rel. Fuller v. Mengel*, 100 Ohio St.3d 352, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist.2001) (" ' "*[P]ro se* litigants * * * are held to the same standard as litigants who are represented by counsel." ' ").  Thus, like members of the bar, pro se litigants are required to comply with the rules of practice and procedure. *Hardy v. Belmont Corr. Inst.*, 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9.

{¶ 11} With that in mind, we note that appellant raises issues in both his merit brief and reply brief that fall outside of the parameters of his assignments of error.  Most notably, appellant is displeased with the trial court's denial of numerous motions, without specific explanations, at the same time the trial court ruled on the motions for summary judgment that are the subject of this appeal.  However, appellant did not assign error to the denial of the other motions.  Pursuant to App.R. 12(A)(1)(b), an appellate court must "[d]etermine [an] appeal on its merits on the assignments of error set forth in the briefs under App.R. 16."  "Thus, this court rules on assignments of error only, and will not address mere arguments." *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70, citing *In re Estate of Taris*, 10th Dist. No. 04AP-1264, 2005-Ohio-1516, ¶ 5. Accordingly, we will address appellant's assignments of error as written and disregard his extraneous arguments. *See Bonn v. Bonn*, 10th Dist. No. 12AP-1047, 2013-Ohio-2313, ¶ 9.

## IV.  STANDARD OF REVIEW

{¶ 12} Appellate review of summary judgments is de novo. *Titenok v. Wal-Mart Stores E., Inc.*, 10th Dist. No. 12AP-799, 2013-Ohio-2745, ¶ 6; *Coventry Twp. v. Ecker*,

101 Ohio App.3d 38, 41 (9th Dist.1995). "When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination." *Harris v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 13AP-466, 2013-Ohio-5714, ¶ 6. We must affirm the trial court's judgment if any grounds the movant raised in the trial court support it, even if the trial court failed to consider those grounds. *Tilley v. Dublin*, 10th Dist. No. 12AP-998, 2013-Ohio-4930, ¶ 18, citing *Coventry Twp.* at 41-42.

{¶ 13} Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists, (2) the moving parties are entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. *Id.* at ¶ 19, citing *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997); Civ.R. 56(C).

{¶ 14} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party, however, cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of a type listed in Civ.R. 56(C), affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

## V. DISCUSSION

{¶ 15} For ease of discussion, we will address appellant's assignments of error out of order, beginning with his second assignment of error. In his second assignment of

error, appellant argues the trial court erred in granting Preferred Title and Farkas' motion for summary judgment. We disagree.

{¶ 16} According to appellant, the "fatal act" in this case is that Barley listed his business debts incorrectly as second mortgages on HUD-1 Settlement Statements related to three real estate transactions. Appellant does not dispute that he received funds from those transactions, and that he accepted and retained those funds. As noted by appellees and the trial court, it was appellant's acceptance and retention of those funds that led to his claimed injury in this civil case: criminal prosecution and convictions, a 15-year prison sentence, and a restitution order for over $1 million. Appellant simply argues that his criminal conduct is not germane to these proceedings. Appellant is mistaken.

{¶ 17} In order for appellant to prevail on his tort claims, he must prove that appellees' tortious acts proximately caused his injuries. *White v. Vrable*, 10th Dist. No. 98AP-1351 (Sept. 30, 1999). Appellant's own criminal acts were the proximate cause of his criminal convictions. *See State v. Anderson*, 10th Dist. No. 08AP-1071, 2009-Ohio-6566 (affirming appellant's convictions and sentence), *aff'd* by the Supreme Court of Ohio, *In re Cases Held for Decision in State v. Hodge*, 128 Ohio St.3d 234, 2011-Ohio-228, ¶ 6; *DiNozzi v. Ohio State Dental Bd.*, 10th Dist. No. 08AP-609, 2009-Ohio-1376, ¶ 14.

{¶ 18} Appellant's criminal conduct broke the causal chain between appellees' allegedly tortious acts and his claimed injury. *See DiNozzi* at ¶ 14; *White*, citing *Bilicic v. Brake*, 64 Ohio App.3d 304, 307 (11th Dist.1989); *see also Evans v. Thrasher*, 1st Dist. No. C-120783, 2013-Ohio-4776, ¶ 22, citing *Taylor v. Webster*, 12 Ohio St.2d 53, 56 (1967), and *Feichtner v. Ohio Dept. of Transp.*, 114 Ohio App.3d 346, 359 (10th Dist.1995) ("When a third person's criminal act intervenes between a defendant's conduct and a plaintiff's injuries, the defendant's negligence is the proximate cause of the plaintiff's injuries only where the defendant could have reasonably foreseen the intervening act."). Due to appellant's conduct, which was not reasonably foreseeable, he cannot prevail on his tort claims, and Preferred Title and Farkas are entitled to judgment as a matter of law. Accordingly, appellant's second assignment of error is overruled.

{¶ 19} In his third assignment of error, appellant argues the trial court erred in granting Stewart Title's motion for summary judgment. We disagree. It is undisputed

that Stewart Title was not directly a party to or involved in the three transactions at issue.[2]
Appellant contends Stewart Title is vicariously liable for the actions of Preferred Title,
Farkas, and Barley. However, all of appellant's tort claims against Stewart Title fail
because " 'there can be no vicarious liability imputed to a principal, if there is no liability
on the part of the agent.' " *Faieta v. World Harvest Church*, 10th Dist. No. 08AP-527,
2008-Ohio-6959, ¶ 54, quoting *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559,
¶ 21; *Krause v. Case W. Reserve Univ.*, 8th Dist. No. 70712 (Dec. 19, 1996) ("The master
or principal is not liable unless the servant or agent is liable in the first instance."). Thus,
because Preferred Title, Farkas, and Barley are not liable to appellant, neither is Stewart
Title.

{¶ 20} Appellant also purports to have contract based claims against Stewart Title;
however, such claims are not supported by the record. Appellant's amended complaint
does not contain any contract claims. It is captioned "CIVIL COMPLAINT WILLFUL
AND NEGLIGENCE-TORT" and, true to that description, it only discusses tort causes of
action. Appellant conceded at the trial level that Stewart Title was not directly involved in
the real estate transactions at issue, and appellant described his theory of liability against
Stewart Title as "based on agency principles and claims of negligent supervision and
negligent training." (R. 159, Appellant's Motion for Summary Judgment, 7.) Now, on
appeal, appellant alleges there was an "implied contract" between him and Stewart Title
without citing to the record. (Appellant's brief, 13.) It is not this court's duty to search the
record for evidence to support an appellant's argument as to alleged error. *Hardy* at ¶ 10,
citing *Sherman v. Sherman*, 10th Dist. No. 05AP-757, 2006-Ohio-2309, ¶ 15 and *State ex
rel. Petro v. Gold*, 166 Ohio App.3d 371, 2006-Ohio-943, ¶ 94 (10th Dist.). Furthermore,
this court may disregard arguments if the appellant fails to identify the relevant portions
of the record from which the errors are based. *Id.*, citing *In re C.C.*, 10th Dist. No. 04AP-
883, 2005-Ohio-5163, ¶ 80; App.R. 12(A)(2). In any event, we do not find support for an
independent contract claim against Stewart Title in the record.

---

[2] As the trial court noted, appellant admitted in his discovery responses that Stewart Title did not create the
HUD-1 Settlement Statements in the three transactions, Stewart Title did not make any misrepresentations
upon which appellant relied, and appellant did not have any direct written or oral communications with
Stewart Title.

{¶ 21} There was a title insurance underwriting agreement between Stewart Title and Preferred Title in place at the time of the real estate transactions. However, appellant only references that agreement in an attempt to substantiate his tort based vicarious liability arguments, which fails for the reasons above. Therefore, the trial court properly granted Stewart Title's motion for summary judgment. Accordingly, appellant's third assignment of error is overruled.

{¶ 22} In his first assignment of error, appellant argues that the trial court erred in denying his motion for summary judgment. We disagree. For the reasons above, appellant could not prevail on his motion. Therefore, his first assignment of error is overruled.

## VI. APPELLANT'S MOTION TO STRIKE

{¶ 23} On August 19, 2013, appellant filed a motion to strike Preferred Title and Farkas' brief. Appellant argued the brief was untimely. However, on July 11, 2013, this court granted Preferred Title and Farkas an extension of time until July 25, 2013 to file their brief, and they filed their brief on that day. Therefore, appellant's motion to strike is denied.

## VII. CONCLUSION

{¶ 24} Accordingly, having overruled all three of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Motion denied;*
*judgment affirmed.*

BROWN and McCORMAC, JJ., concur.

McCORMAC, J., retired, formerly of the Tenth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____