[Cite as *State v. McRae*, 2026-Ohio-1463.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
RICHLAND COUNTY, OHIO

STATE OF OHIO

    Plaintiff – Appellee

-vs-

CHARLES MCRAE

    Defendant - Appellant

Case No. 2025 CA 0082

Opinion And Judgment Entry

Appeal from the Richland County Court of Common Pleas, Case No. 2022-CR-0800N

Judgment:  Affirmed

Date of Judgment Entry: April 22, 2026

BEFORE:    William B. Hoffman, Robert G. Montgomery, and Kevin W. Popham, Judges

APPEARANCES:  Jodie M. Schumacher, Michelle Fink, for Plaintiff-Appellee; Charles A. McRae, PRO SE for Defendant-Appellant

OPINION

*Popham, J.,*

{¶1}    Appellant Charles McRae ("McRae") appeals the August 28, 2025, judgment of the Court of Common Pleas for Richland County, Ohio denying his motion for leave to file an untimely petition for postconviction relief. For the reasons set forth below, we affirm.

**Facts and Procedural History**

{¶2}    On November 19, 2022, McRae forced entry into his sister's home and assaulted her, causing serious injuries, including a broken arm and fractures requiring

surgical repair with plates and screws. The assault was captured on the home's Ring camera system. *State v. McRae*, 2024-Ohio-5401 (5th Dist.) ("*McRae II*").

{¶3} On January 5, 2023, the Richland County Grand Jury indicted McRae on one count of aggravated burglary, a felony of the first degree; two counts of kidnapping, both felonies of the first degree; and one count of felonious assault, a felony of the second degree. Each count included a repeat violent offender ("RVO") specification. McRae was also charged with domestic violence, criminal damaging or endangering, and criminal mischief, all misdemeanors of the first degree.

{¶4} On March 19, 2023, McRae entered guilty pleas to all counts in the indictment. The trial court ordered a presentence investigation and scheduled the matter for sentencing.

{¶5} At the June 22, 2023, sentencing hearing, the trial court merged several counts, and the State elected to proceed on Counts 1, 2, and 4—aggravated burglary, kidnapping, and felonious assault. The court imposed prison terms of 10 to 15 years for aggravated burglary, 3 years for kidnapping, and 5 years for felonious assault. The court also imposed a 2-year term for the RVO specification, for an aggregate indefinite sentence of 20 to 25 years.

{¶6} McRae appealed - raising two assignments of error: (1) the trial court erred in designating him a repeat violent offender, and (2) he was denied effective assistance of counsel. *State v. McRae*, 2024-Ohio-922 (5th Dist.) ("*McRae I*").

{¶7} On appeal, this Court held that the trial court erred by imposing less than the maximum minimum sentence for aggravated burglary and by imposing a sentence on the RVO specification without first imposing the maximum sentence on the underlying

offense, as required by R.C. 2929.14. Although this Court upheld the convictions and the RVO designation, we remanded the matter for resentencing.

{¶8} On remand, the trial court appointed counsel and conducted a resentencing hearing on April 5, 2024. The court-imposed prison terms of 11 to 15 years for aggravated burglary, 3 years for kidnapping, and 4 years for felonious assault, along with a 2-year term for the RVO specification, for an aggregate indefinite sentence of 20 to 25.5 years.

{¶9} McRae again appealed. Through counsel, he raised five assignments of error: (1) the trial court failed to make findings required by R.C. 2929.14(C)(4) when imposing consecutive sentences; (2) the trial court failed to conduct a hearing on his presentence motion to withdraw his plea; (3) the failure to conduct a hearing violated his constitutional rights; (4) the State suppressed exculpatory medical records; and (5) the trial court failed to consider lesser-included offenses. *State v. McRae*, 2024-Ohio-5401 (5th Dist.) ("*McRae II*").

{¶10} On November 14, 2024, this Court affirmed McRae's conviction and sentence. *Id.* On December 3, 2024, McRae filed a motion for reconsideration, which this Court denied on December 13, 2024. On April 11, 2025, he filed a motion for delayed appeal to the Supreme Court of Ohio, which denied that motion on June 30, 2025. *State v. McRae*, 2025-Ohio-1846.

{¶11} Separately, on February 20, 2025, McRae filed a motion requesting public records from the Richland County Clerk of Courts. Because the motion did not include a case number, it was not filed in his criminal case. On March 10, 2025, the trial court denied the motion. McRae appealed that decision to this Court (Case No. 25-CA-19). He later moved to stay the appeal, and the State moved to dismiss for failure to prosecute.

On July 28, 2025, this Court denied the motion to stay, and on August 6, 2025, dismissed the appeal for want of prosecution.

{¶12} On June 16, 2025, McRae filed a pro se motion for leave to file a petition for postconviction relief under R.C. 2953.21, along with the petition itself. Neither filing included affidavits or evidentiary materials. On July 2, 2025, McRae filed motions for appointment of counsel and for expert assistance.

{¶13} By judgment entry filed August 28, 2025, the trial court denied - without conducting a hearing - McRae's motion for leave to file a petition for postconviction relief, as well as his motions for appointment of counsel and expert assistance. In an eighteen-page decision containing findings of fact and conclusions of law, the trial court determined that McRae's petition was untimely and that his claims were barred by res judicata because they either were, or could have been, raised on direct appeal.

**Assignments of Error**

{¶14} McRae presents five assignments of error for our consideration:

{¶15} "I. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO OBJECT TO THE IMPOSITION OF SEPARATE SENTENCE (sic) FOR ALLIED OFFENSES WHICH VIOLATED APPELLANT (sic) DUE PROCESS RIGHTS."

{¶16} "II. THE TRIAL COURT FAILED TO EMPLOY AN ADEQUATE RECORDING DEVICE TO MAINTAIN A COMPLETE RECORD OF ALL PROCEEDINGS THEREBY DENYING APPELLANT HIS CONSTITUTIONAL RIGHT AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION AND CRIM. R. 22."

{¶17} "III. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL CONVINCED APPELLANT TO PLEAD GUILTY TO A REPEAT VIOLENT OFFENDER SPECIFICATION DESPITE THE FACT HIS PRIOR CONVICTION WAS OVER TWENTY YEARS OLD WHICH IS CONTRARY TO THE REQUIREMENTS OF 2929.14 (sic)(B)(2)."

{¶18} "IV. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY ADVISED HIM TO TURN DOWN THE STATE PLEA OFFER OF 10 YEARS FOR A BETTER PLEA DEAL WITH LESSER SENTENCES WHICH APPELLANT RECEIVED MORE TIME AND VIOLATED HIS 6th AMENDMENT RIGHTS."

{¶19} "V. THE TRIAL COURT HAD NO JURISIDICTION TO ACCEPT APPELLANT'S GUILITY PLEA WHILE HIS COMPETENCY TO STAND TRIAL WAS IN QUESTION."

**Pro se Appellants**

{¶20} We understand that McRae has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.*, 2006-Ohio-3316, ¶ 9 (10th Dist.). *See, also, State v. Hall*, 2008-Ohio-2128, ¶11 (11th Dist.). We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 2005-Ohio-6494, ¶4 (8th Dist.) (internal quotation omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (pleadings prepared by prisoners who do not have access to counsel should be liberally construed); *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Houston v. Lack*, 487 U.S.

266 (1988) (some procedural rules must give way because of the unique circumstance of incarceration). *See also State v. Harris*, 2024-Ohio-2993, ¶¶ 9 - 10 (5th Dist.).

{¶21} Although in a pro se action this Court allows latitude to the unrepresented defendant in the presentation of his case, "a substantial disregard of the whole body of these ruled cannot be tolerated." *Wellington v. Mahoning Cty. Bd. of Elections*, 2008-Ohio-554, ¶ 18. This Court does not have discretion and must disregard facts, arguments, or evidence presented in the appellate brief when those facts, arguments, or evidence were not presented to the trial court. In *State v. Hooks*, 92 Ohio St.3d 83 (2001), the Supreme Court of Ohio noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings and then decide the appeal on the basis of the new matter. *See, State v. Ishmail*, 54 Ohio St.2d 402 (1978)." It is also a longstanding rule that the record cannot be enlarged by factual assertions in the brief. *Dissolution of Doty v. Doty*, 1980 Ohio App.LEXIS 12935 (4th Dist., Feb. 28, 1980), *citing Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59 (10th Dist. 1963). New material and factual assertions contained in any brief in this court may not be considered. *See North v. Beightler*, 2006-Ohio-6515, ¶ 7, *quoting Dzina v. Celebrezze*, 2006-Ohio-1195, ¶ 16.

{¶22} Therefore, we have disregarded facts in the parties' briefs, and exhibits attached to those briefs, which are outside of the trial court record. *State v. Stevens*, 2023-Ohio-2736, ¶ 16 (5th Dist.).

{¶23} We note that the underlying action was a criminal case; however, a petition for postconviction relief is a civil matter. An indigent criminal defendant has neither a federal nor a state constitutional right to be represented by an attorney in a postconviction relief proceeding. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *State v. Crowder*, 60 Ohio St.3d 151 (1991). However, when a person is convicted of a criminal offense and claims

that his or her constitutional rights were violated, the person, pursuant to R.C. 2953.21, may petition the court that imposed the sentence and request that the court vacate or set aside the judgment or sentence. *Crowder*, 60 Ohio St.3d at 153. Therefore, a petition for postconviction relief is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. *State v. Murphy*, 2000 Ohio App. LEXIS 6129 (10th Dist. Dec. 26, 2000); *Accord State v. Zich*, 2017-Ohio-414, ¶ 9 (6th Dist.); *State v. Hamm,* 2024-Ohio-1621, ¶ 20 (5th Dist.).

{¶24} In the case at bar, there is at least some semblance of compliance with the appellate rules. "[I]t is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits." *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189,192 (1982), *citing Cobb v. Cobb,* 62 Ohio St.2d 124 (1980). We can sufficiently discern the facts supporting McRae's argument from the record in this matter. Therefore, in the interests of justice, we shall attempt to consider McRae's arguments.

## I, II, III, IV, & V

### Postconviction Relief Principles

{¶25} R.C. 2953.21(A)(1) permits a defendant to file a petition for postconviction relief alleging that a constitutional violation rendered the judgment void or voidable.

{¶26} Postconviction relief is a civil collateral attack on a criminal judgment, not a second appeal. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999); *State v. Phillips*, 2002-Ohio-823 (9th Dist.). To obtain relief, a petitioner must demonstrate a constitutional violation that renders the conviction void or voidable. R.C. 2953.21; *State v. Watson*, 126 Ohio App.3d 316, 323 (12th Dist. 1998).

**Evidentiary Hearing**

{¶27} A petitioner is not automatically entitled to an evidentiary hearing. *Calhoun*, 86 Ohio St.3d at 282. A trial court may dismiss a petition without a hearing where the petitioner fails to present sufficient operative facts to establish substantive grounds for relief or where the claims are barred by res judicata. *Id*. at paragraph two of the syllabus; *State v. Lentz*, 70 Ohio St.3d 527, 530 (1994).

{¶28} To warrant a hearing, a petitioner must submit evidentiary materials containing sufficient operative facts demonstrating a constitutional violation. *State v. Jackson*, 64 Ohio St.2d 107, 111 (1980). Broad or conclusory assertions are insufficient. *Id*. When ineffective assistance of counsel is alleged, the petitioner must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984), by showing deficient performance and resulting prejudice.

{¶29} In evaluating affidavits submitted in support of the petition, a trial court may assess credibility and consider whether the affidavits are internally inconsistent, rely on hearsay, are drafted in similar language, or contradict the record. *Calhoun*, 86 Ohio St.3d at 285.

**Res Judicata**

{¶30} Res judicata provides an independent basis for denying postconviction relief. *State v. Perry*, 10 Ohio St.2d 175 (1967); *Lentz*, 70 Ohio St.3d at 530. Under this doctrine, a defendant may not raise claims in a postconviction petition that were raised or could have been raised at trial or on direct appeal. *State v. Szefcyk*, 77 Ohio St.3d 93 (1996); *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997).

**{¶31}** This principle applies to ineffective-assistance claims when the defendant, represented by new counsel on appeal, could have raised the issue without resort to evidence outside the record. *State v. Cole*, 2 Ohio St.3d 112 (1982), syllabus.

**Timeliness**

**{¶32}** The trial court properly treated McRae's motion as an untimely petition for postconviction relief governed by R.C. 2953.21.

**{¶33}** Under R.C. 2953.21(A)(2), a petition must be filed within 365 days after the trial transcript is filed in the direct appeal. Here, the transcript from McRae's initial appeal was filed on September 20, 2023, and the transcript from the resentencing appeal was filed on June 10, 2024. The respective deadlines were September 19, 2024, and June 10, 2025.

**{¶34}** McRae filed his petition on June 16, 2025, after both deadlines. The petition is therefore untimely.

**Jurisdiction Under R.C. 2953.23**

**{¶35}** Because the petition was untimely, the trial court lacked jurisdiction to consider it unless McRae satisfies an exception under R.C. 2953.23(A). *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36; *State v. Parker*, 2019-Ohio-3848, ¶ 19.

**{¶36}** To invoke the exception, McRae was required to demonstrate both: (1) that he was unavoidably prevented from discovering the facts underlying his claims, or that a new retroactive constitutional right applies; and (2) by clear and convincing evidence that, but for the alleged error, no reasonable factfinder would have found him guilty.

**{¶37}** Failure to satisfy these requirements deprives the trial court of jurisdiction. *Apanovitch*, at ¶ 36. We review this issue de novo. *Id.* at ¶ 24; *State v. Bethel*, 2022-Ohio-783, ¶ 20.

**Unavoidably Prevented from Discovering the Facts**

{¶38} McRae did not demonstrate that he was unavoidably prevented from discovering the facts supporting his claims. He neither advanced such an argument nor relied on a newly recognized retroactive constitutional right. *See State v. Morris*, 2025-Ohio-1800, ¶ 11 (10th Dist.).

{¶39} Instead, McRae relies on documents attached to his appellate brief. Those materials were not presented to the trial court and are not part of the record on appeal – we will not consider the documents. As such, these materials cannot establish that McRae was unavoidably prevented from discovering the facts underlying his claims.

{¶40} Moreover, the record reflects that McRae's claims are based on facts known to him at the time of trial and direct appeal. Claims based on such facts either were raised or could have been raised on direct appeal and are therefore barred by res judicata. *Perry*, 10 Ohio St.2d 175. McRae's attempt to relitigate those issues through an untimely petition is foreclosed.

{¶41} Because McRae failed to satisfy the first prong of R.C. 2953.23(A)(1), the trial court lacked jurisdiction to consider the petition.

**Alternative Holding**

{¶42} Even if McRae had satisfied the jurisdictional requirements of R.C. 2953.23(A), his petition would fail on the merits. McRae submitted no affidavits or evidentiary materials in the trial court to support his claims. Unsupported or conclusory allegations do not establish substantive grounds for relief and warrant dismissal without a hearing. *Calhoun*, 86 Ohio St.3d at 282; *Jackson*, 64 Ohio St.2d at 111. To the extent McRae alleges ineffective assistance of counsel, he failed to present operative facts demonstrating either deficient performance or resulting prejudice as required by

*Strickland v. Washington*, 466 U.S. 668 (1984). Moreover, the claims asserted either were raised or could have been raised on direct appeal and are therefore barred by res judicata. *Perry*, 10 Ohio St.2d 175. Accordingly, even if the trial court had jurisdiction to consider the petition, it properly denied relief.

**Disposition**

{¶43}   McRae failed to satisfy the jurisdictional requirements of R.C. 2953.23(A). He did not demonstrate that he was unavoidably prevented from discovering the facts underlying his claims, nor did he rely on a newly recognized retroactive constitutional right. His claims are further barred by res judicata.

{¶44}   The trial court therefore properly denied McRae's motion for leave to file an untimely petition for postconviction relief. McRae's assignments of error I, II, III, IV and V are overruled.

For the reasons stated in our Opinion, the judgment of the Court of Common Pleas for Richland County, Ohio is affirmed. Costs to be paid by Appellant Charles McRae.

By: Popham, J.

Hoffman, P.J. and

Montgomery, J., concur